WILLIAM GATES, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

*It seems,* that the state in submitting itself to the jurisdiction of a tribunal, with respect to claims against it for damages sustained by reason of any accident occurring on its canals, or connected with their care and management, subjected the determination of its liability to the government of those rules which usually obtain in similar cases.

*It seems,* that an employe, without experience in a particular work required of him, in which danger to him exists, from causes not apparent, but known to his employer, is entitled to have such information communicated to him as will apprize him of the nature of the work and of the possible risks in its execution.

Under the provision of the act of 1870 (Chap. 321, Laws of 1870), conferring upon the board of canal appraisers jurisdiction to hear and determine claims against the state for injuries alleged to have been sustained by reason of the canal, which requires the proceeding to be initiated by the filing of the claim in the office of the appraisers, there must have been a delivery by or on behalf of the party of his claim at the office itself to constitute and enable him to allege and establish the jurisdictional fact of a filing; proof of the directing and mailing of a statement of the claim to the canal appraisers is not sufficient.

The jurisdiction of said board being limited and special, no presumption will be entertained in support of it, but the fact conferring it must affirmatively and conclusively appear.

A citizen who seeks to avail himself of the privilege to sue the state must be held to strictness in procedure; this right being dependent upon compliance with the terms of the statute granting it jurisdiction of his claim, can be acquired only in the way prescribed.

The legislature has no authority to confer jurisdiction upon the Board of Claims to pass upon a claim of an individual against the state for injuries arising from the canals, which claim, had it arisen between citizens, would be barred by the Statute of Limitations. (State Const. § 14, art. 7.)

Accordingly *held,* that the act of 1886 (Chap. 244, Laws of 1886), author-
izing and directing the Board of Claims to hear a certain claim against
the state for injuries received by the falling of a canal bridge, was invalid,
in so far as it authorized the board to make an award; it appearing that
the accident happened in 1877.

(Argued June 5, 1891; decided October 6, 1891.)

APPEAL from an award of the Board of Claims, made
December 19, 1888.

The appellant claimed to recover against the state for per-
sonal injuries received from the falling of a bridge over the
Oswego canal, in the work of repairing which, at the time, he
was engaged. His regular employment had been that of an
ordinary laborer upon one of the state scows on the canal.
The bridge had been reported to the canal commissioners, in
the year previous to the accident, to be structurally unsound
and in a very dangerous condition. The foreman of the state
scow, upon which the claimant was working when he received
his directions, proceeded to the bridge in question to make
certain repairs upon it. When this work was almost completed
the structure gave way, from its general unsoundness, and the
claimant being precipitated into the canal received his injuries.
In 1879 and within two years of the occurrence a statement of
claim for damages was made out for him, which was directed
and mailed to the canal appraisers. It was conceded that no
other steps were taken and that this paper could never be found
and that there was no record of its receipt or filing in the office
of the canal commissioners or of the Board of Claims. In
1886 the legislature passed an act authorizing and directing
the Board of Claims to hear this claim and to award " in like
manner as though such claim had been filed within the time
now provided by law." That tribunal awarded nothing, upon
the grounds that no liability had been established against the
state and that the claim was barred by lapse of time. From
that decision the claimant appeals to this court.

*Louis Marshall* for appellant. The Board of Claims had
jurisdiction to consider the appellant's claim. (Laws of 1870,

chap. 321, § 1; *Sipple* v. *State,* 99 N. Y. 284; *Bowen* v. *State,* 108 id. 106; *Rexford* v. *State,* 105 id. 229.) The state assumes towards its employes the same duties and incurs the same obligations which any employer would towards his employe. (*Loughlin* v. *State,* 105 id. 159.) The state owed to the claimant, as its servant, the duty of furnishing him with a safe and proper place in which to prosecute his work, and this duty was one which could not be delegated by it to a servant of any grade so as to exonerate it from its responsibility to a servant injured by its non-performance. (*Pantzar* v. *T. F. I. M. Co.,* 99 N. Y. 368; *Ryan* v. *Fowler,* 24 id. 410; *Coughtry* v. *G. W. Co.,* 56 id. 124; *Devlin* v. *Smith,* 89 id. 470; *T. R. R. Co.* v. *Conway,* 68 Ill. 560; *Potts* v. *Plunkitt,* 9 Ir. [C. L.] 290.) The state had knowledge of the rotten and dangerous condition of the bridge upon which it put the claimant to work. (*Rexford* v. *State,* 105 N. Y. 232; *Bowen* v. *State,* 108 id. 168.) The claimant being ignorant of the plan of the structure and the character or existence of any defects in the bridge, did not assume any of the risks incident to their existence, since an employe assumes only such risks as he has knowledge of or which are obvious and necessarily incident to the business in which he is employed. (*Clark* v. *Holmes,* 7 H. & N. 397; *Laning* v. *N. Y. C. & H. R. R. R. Co.,* 49 N. Y. 521; *Snow* v. *H. R. R. Co.,* 8 Allen, 441; *Plank* v. *N. Y. C. & H. R. R. R. Co.,* 60 N. Y. 607; *Mehan* v. *S., B. & N. Y. R. R. Co.,* 73 id. 585; *Booth* v. *B. & A. R. R. Co.,* Id. 40; *Hawley* v. *N. C. R. R. Co.,* 82 id. 370; *Kain* v. *Smith,* 89 id. 375; *Pantzar* v. *T. F. I. M. Co.,* 99 id. 368.) The state, through its officers and agents being cognizant of all the dangers incident to the bridge, was bound to warn the claimant of all the latent and extraneous dangers of which it knew or of which in the exercise of ordinary care it would have known, and failing in this respect, it became liable to the claimant for all the consequences resulting from the lack of such warning. (Wood on Master and Servant [2d ed.] §§ 254, 256; *Baxter* v. *Roberts,* 44 Cal. 187; *McGowan* v. *L. P. M. Co.,* 3 McC. 309; *Kain* v. *Smith,* 89 N. Y. 375; *Spellman* v. *Fisher,* 56 Barb.

151; *Connolly* v. *Poillon*, 41 id. 368 ; *Homer* v. *Nicholson*, 56 Mo. 220; *Harrison* v. *C. R. R. Co.*, 31 N. J. L. 47 ; *Paulmier* v. *E. R. R. Co.*, 34 id. 151; *Nichols* v. *B. & D. M. Co.*, 53 Hun, 237; *Walsh* v. *P. V. Co.*, 110 Mass. 23 ; *Weems* v. *Mathieson*, 2 McQ. 25 ; *Cooper* v. *H. M. Co.*, 14 Allen, 193 ; *Bickford* v. *Heckmann*, 27 N. Y. S. R. 80 ; *Lafrans* v. *N. Y. & M. V. W. Co.*, 55 Hun, 452.) There is no evidence in the case indicating that the claimant's injuries were due in any way to the negligence of a fellow servant, but if there was such negligence it was coupled with negligence on the part of the state or its duly authorized officers, and would not exempt it from liability. (*Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 546 ; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206.) The claimant's cause of action never became barred by any Statute of Limitations, and this case does not come within any of the prohibitions of the Constitution. (*O. S. Co.* v. *Otis*, 100 N. Y. 446 ; *Olney* v. *Blasier*, 12 N. Y. S. R. 211 ; *Hastings* v. *B. L. Ins. Co.*, 6 N. Y. Supp. 374 ; *Veeder* v. *Mudgett*, 95 N. Y. 295 ; *M. Co.* v. *Laimbeer*, 108 id. 578 ; *Bishop* v. *Cook*, 13 Barb. 326 ; *Dodge* v. *Potter*, 18 id. 193 ; *R. S. Bank* v. *Averill*, 96 N. Y. 467; Laws of 1883, chap. 205, § 12 ; *Cole* v. *State*, 102 N. Y. 48 ; *Evans* v. *Cleveland*, 72 id. 486 ; *Corkings* v. *State*, 99 id. 491 ; *McMaster* v. *State*, 103 id. 555 ; *McDougall* v. *State*, 109 id. 73.)

*Charles F. Tabor*, *Attorney-General*, for respondent. No appeal from the award herein was authorized by law. (*People* v. *Dennison*, 84 N. Y. 281.) The claim of the appellant herein, William Gates, was filed with the Board of Claims on July 23, 1886, under and in pursuance of chapter 244 of the Laws of 1886. It was never properly filed with the canal appraisers. (Laws of 1870, chap. 321, § 2 ; *M. Co.* v. *Laimbeer*, 108 N. Y. 578 ; *Lewis* v. *State*, 96 id. 71 ; *Bloom* v. *Burdick*, 1 Hill, 130 ; *McElrath* v. *U. S.*, 102 U. S. 440 ; *Williams* v. *Van Valkenburg*, 16 How. Pr. 146 ; *Rathbone* v. *Acker*, 18 Barb. 393 ; *People* v. *L. & B. R. R. Co.*, 13 Hun, 212.) If there was no proper filing of this claim, or if, in

fact, the canal appraisers never received this claim, the Statute of Limitations began to run against it on the 23d of May, 1877, and as between citizens would have been a bar on May 23, 1880, and the subsequent ineffectual proceedings upon the part of the claimant did not suspend the running of the statute. And, therefore, chapter 244 of the Laws of 1886, so far as it authorized and directed the Board of Claims to make an award herein, was in direct violation of section 14 of article 7 of the Constitution. (*McDougal* v. *State*, 109 N. Y. 73; Code Civ. Pro. § 383; *O'Hara* v. *State*, 112 N. Y. 153.) The claimant herein is estopped from now taking the position that this claim was ever properly filed with the canal appraisers in 1879. (*Corkings* v. *State*, 99 N. Y. 497.) The evidence and the findings fully justified the Board of Claims in making the award. (*Loughlin* v. *State*, 105 N. Y. 159.) But if the board in this case had found that Wilson was negligent, the award must have been the same. (*Stringham* v. *Hilton*, 111 N. Y. 198.) The claim · made that the bridge being out of repair, it was consequently an unsafe place furnished by the state for the work of the employes is untenable. (*Butler* v. *Townsend*, 26 N. E. Rep. 1019; *Brick* v. *R., N. Y. & P. R. R. Co.*, 98 N. Y. 215; *Hussey* v. *Coger*, 112 id. 614.) There was no need of actual notice of the defects. It must be assumed that plaintiff was possessed of the ordinary judgment and sense of those who occupied a similar position. (*Powers* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 278; *Hickey* v. *Taaffe*, 105 id. 37.) This was an accident which the state could no more have anticipated than the claimant, and, therefore, the principle of *damnum absque injuria* applies. (*Loftus* v. *U. F. Co.*, 84 N. Y. 461; *Burke* v. *Witherbee*, 98 id. 567; *Hickey* v. *Taaffe*, 105 id. 37.)

Gray, J. If this claim might be disposed of upon its merits, there would be no difficulty in establishing the liability of the state in damages. The claimant was a mere laborer, in the employ of the state upon ordinary canal work, and when, in obedience to orders, he proceeded to labor upon the bridge,

he was not only inexperienced, but he was ignorant of its actual condition. He cannot be said to have assumed any of those risks which were incidental to such work from the existence of the serious defects in the bridge structure. He was entitled to believe that the place assigned to him for the performance of his work was an ordinarily safe one, and that his employers had no information concerning the risks attendant upon laboring there, which he did not possess himself, or which ordinary observation and prudence would not have revealed. The state, in submitting itself to the jurisdiction of a tribunal with respect to claims against it for damages sustained by reason of any accident occurring upon its canals, or connected with their care and management, subjected the determination of its liability to the government of those rules, which usually obtain in cases between the employer and the employed.

It is a cardinal rule of conduct in that relation that the former shall not expose the persons who are engaged in performing his work to unreasonable risks. They have the right to assume that where they are directed to work is as safe a place, as is compatible with the nature of the undertaking, and that their employer has not neglected any means in his power, or at his disposal, to render its performance reasonably free from danger to life and limb. While in work of an inherently dangerous nature the workman is ordinarily held to assume that certain risk which must attend upon its execution, that rule involves, and depends for its application upon the knowledge, or means of knowledge, upon the workman's part of the attendant peril to him. Such knowledge may be presumed to be possessed, by reason of previous employment and experience, or to be suggested by ordinary observation and appearances. If the workman is without experience in the particular work required of him, and if, as here, danger for him exists from causes not apparent, but which are known to his employers, I think it unquestionable in principle that an obligation should be deemed to rest upon them to communicate such information as would apprize the workman of the nature of the work, and of the possible risks in its execution. He

should be placed on a par, as nearly as possible, in such respects, with his employer. This duty is not only within the letter and spirit of the rules established by many decisions, but it is one which should be dictated by every consideration of prudence and of responsibility towards others.

But, however meritorious the claim here, the claimant's remedy against the state had ceased to exist, at the time of its submission to the Board of Claims, from the intervention of the general Statute of Limitations. Section 14 of article 7 of the Constitution prohibited the allowance of any claim which, as between citizens of the state, would be barred by lapse of time. It was, therefore, not within the powers of the legislature, by the passage of chapter 244 of the Laws of 1886, to confer jurisdiction upon the Board of Claims to allow, or to award upon, this claim, if it was already barred by the expiration of the time limited by the general statute for the commencement of actions for damages for personal injuries resulting from negligence. (Code of Civil Pro. § 383.)

As the accident occurred in 1877, the bar of that statute would fall upon the lapse of three years.

The origin of the difficulty in the way of claimant's recovery was in his failure to comply with the requirements of the law in respect to filing his claim. Chapter 321 of the Laws of 1870 conferred jurisdiction upon the board of canal appraisers to hear and determine such claims against the state, and the proceeding thereby authorized was required to be initiated by the filing of the claim in their office. What was done in this case was to mail the statement to the canal appraisers, and the appellant's counsel has ingeniously argued that that was a sufficient compliance with the law and constituted a filing. The presumption as to the receipt of letters, properly directed and sent through the mails to a person, is one of fact and is based upon the circumstances of the particular case. Here, however, the question of the receipt and filing of the claim goes to the very foundation of the jurisdiction and right of the tribunal to act upon it. Its powers are exclusively derived from the consent of the state, as expressed in the act of the legislature,

and none may be implied, except such as may fairly be deemed incidental and necessary to the jurisdiction when once acquired. The citizen, who seeks to avail himself of the privilege to sue the state, must be held to strictness in procedure ; just as it must be held in all cases, where the remedy is one which exists and is enforceable solely through the provisions of some statute. His right being dependent upon compliance with the terms of the statute, jurisdiction of his claim can be acquired by the tribunal only in the way prescribed. To require that " claimants shall file their claims in the office of the canal appraisers," has but one meaning and effect. There must have been a delivery by, or on behalf of, the party of his claim at the office itself to constitute, and to enable him to allege and to establish, the jurisdictional fact of a filing. Anything short of a delivery leaves the fact of the filing disputable, and that, I think, would be quite inconsistent with the principle which underlies the jurisdiction of the inferior tribunal. Its jurisdiction being limited and special, no presumption will be entertained in support of it ; but the fact conferring it must affirmatively and conclusively appear. (See *Foot* v. *Stevens*, 17 Wend. 483.)

The state cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant. If we should hold that the mailing by a claimant of his claim, directed to the canal appraisers, was equivalent to a filing in the office, I think we should be disregarding the plain reading of the law and denying to the words of the statute their plain and usual force and significance.

When, under section 12 of chapter 205 of the Laws of 1883, the Board of Claims was created and claims pending before the board of canal appraisers were transferred to the new tribunal, the present claim, for lack of the filing required by the statute, was not one of those included in the transfer. The failure to file had resulted in the loss to the claimant of

his remedy against the state. The act of 1886 was of no avail to him, for it was in violation of the constitutional amendment of 1874, in so far as it authorized the Board of Claims to make an award upon an unenforceable claim. Its only effect was to authorize the board to hear the claim, notwithstanding the limitation in the act creating that tribunal, as to the time of filing. The claim came before the board subject to all constitutional limitations and, therefore, to any statutory provisions which, as between citizens of the state, would have barred an action. (*McDougall* v. *The State*, 109 N. Y. 73.)

The result reached is not, on general grounds, unjust. The claimant's remedy was lost by the failure to make use of means, from the very first moment available to him. There was in existence a tribunal, before which his claim could at all times have been prosecuted against the state. The omission to commence the proceeding in the mode and within the time pointed out by the act of 1870, which authorized such claims to be heard and determined, and the eventual lapse of the period of time limited by the general statute for the commencement of actions of that nature, operated to bar any recovery, when, by virtue of the act passed in 1886 for his relief, the Board of Claims was directed to hear the claim. Upon these facts appearing that court could not make any award, because of the constitutional prohibition as to such a claim.

For the reasons I have stated, the decision and award of the Board of Claims should be affirmed, with costs.

All concur.

Award affirmed.