(Supreme Court, Appellate Division, Second Department.  September 23, 1913.)

APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICT AGAINST WEIGHT OF EVI-
DENCE.

    Where there is a sharp conflict in the evidence, and serious question
as to the credibility of the witnesses, the verdict will not be disturbed as
against the weight of evidence.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–
3937; Dec. Dig. § 1002.*]

Appeal from Trial Term, Westchester County.

Action by Richard Powers Phelan against the New York, New
Haven & Hartford Railroad Company.  Judgment for the plaintiff,
and defendant appeals.  Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and
PUTNAM, JJ.

I. R. Oeland, of Brooklyn, for appellant.

Thomas J. O'Neill, of New York City (L. F. Fish, of New York
City, on the brief), for respondent.

PER CURIAM.  While we look upon this case as a close one, both
upon the law and the facts, we think that the question of the defend-
ant's negligence cannot be disposed of as one of law.  Nor do we
think that, considering the sharp conflict of evidence, and the serious
questions of credibilty which arose upon the trial, we should be jus-
tified in setting aside the verdict of the jury as against the weight of
evidence.

The judgment and order should be affirmed, with costs.

---

(158 App. Div. 489.)

### TERRANOVA v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  September 23, 1913.)

MASTER AND SERVANT (§ 115*)—INJURIES TO SERVANT—SAFE PLACE TO WORK.

    Where a servant, engaged in re-covering a roof with tin, fell through
the roof when decayed timbers supporting it gave-way, and it appeared
that the defect was apparent from inside the building, but not from where
he was working, the injury was caused by the failure of the employer
to furnish a safe place for work, and not by a danger created by the
work the servant was doing, and the master was liable.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 205,
206; Dec. Dig. § 115.*]

Appeal from Trial Term, Kings County.

Action by Michael Terranova against the City of New York.  Judg-
ment for plaintiff, and defendant appeals.  Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLE-
TON, and PUTNAM, JJ.

James D. Bell, of Brooklyn (Frank Julian Price, of Brooklyn, on
the brief), for appellant.

Nelson L. Keach, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

STAPLETON, J. The plaintiff, a laborer in the employ of the defendant, was set to work to help a tinsmith re-cover, with tin or corrugated iron, the roof of a shed on defendant's property. The roof was made of lumber. A section of the lumber was inadequate to bear the strain of plaintiff's weight in addition to the materials which he was carrying, and it gave way. Plaintiff fell through to the ground and sustained injury. The evidence tended to show that the lumber was decayed, and that the decay was observable from the reverse side, within the shed. The tinsmith, who weighed about as much as the plaintiff, had with safety walked on the spot through which the plaintiff afterwards fell.

The defendant was obliged to use ordinary care and diligence in giving the plaintiff a reasonably safe place to work, and the plaintiff was entitled to believe that the defendant discharged that duty. The defective condition was not apparent to ordinary observation from plaintiff's point of view. It was discernible from within the shed by proper inspection on the part of one charged with the affirmative duty of ascertaining the condition before providing it for the use of a workman.

This is not a case where the prosecution of the work made the place and created the danger. The plaintiff was not assigned to demolish or reconstruct the roof. He was engaged to aid in re-covering it with tin or corrugated iron, and the place furnished in which to do the work was the roof itself. The place was presented to the plaintiff, not prepared by him. His work was not, generally, to aid in repairing a defective structure, but, specially, to re-cover an established roof, which he could assume to be sound in the absence of a visible defect, the dangerous nature of which an ordinary laborer could comprehend.

We think it was within the province of the jury, upon the evidence appearing in the record, to attribute the injury to the sole negligence of the defendant. McGuire v. Bell Telephone Co., 167 N. Y. 208, 210, 211, 60 N. E. 433, 52 L. R. A. 437; Kranz v. Long Island Railroad Co., 123 N. Y. 1, 5, 25 N. E. 206, 20 Am. St. Rep. 716. See Gates v. State, 128 N. Y. 221, 226, 28 N. E. 373.

The judgment and order should be affirmed, with costs. All concur.