State of New York, Court of Claims, April, 1918. [Vol. 103.

Glenn Ross, Claimant, *v.* State of New York. No. 2098-A.

(State of New York, Court of Claims, April, 1918.)

Court of Claims — jurisdiction — awards — statutes — refiling of claim.

> While under chapter 657 of the Laws of 1915 the Court of Claims has jurisdiction to hear, audit and determine claims arising out of an automobile accident at the state fair on September 16, 1911, notwithstanding the lapse of time since claim accrued, subject to the restriction that no award shall be made or judgment rendered against the state unless the claim has been filed with said court within one year from the enactment of said statute, a claim filed before said statute took effect must be refiled in order to bring it within the jurisdiction of the court to make an award.
>
> Ackerson, P. J., dissents.

Claim for injuries received in an automobile accident at the state fair in Syracuse, September 16, 1911.

Lewis Howlett, for claimant.

Merton E. Lewis, attorney-general, by Henry P. Nevins, deputy attorney-general, for state.

Paris, J. On the 16th day of September, 1911, the claimant was injured in an automobile accident at the state fair in Syracuse. Other people were injured by the same accident. The liability of the state in similar cases was established in the case of *Arnold* v. *State of New York,* 163 App. Div. 253.

This claimant apparently had a good cause of action. The question is, has the Court of Claims jurisdiction to hear and determine the claim?

The cause of action accrued September 16, 1911. The notice of intention to file claim was filed March 19, 1912, three days after the six months' limitation for

filing same had expired. The claim was filed December 7, 1914, more than fourteen months after the two years' limitation for filing same had expired.

These facts clearly were a bar to consideration of the claim by this court; and they still are unless jurisdiction is conferred by chapter 657 of the Laws of 1915. Under this act this court was given jurisdiction to hear, audit and determine claims arising out of this accident notwithstanding the lapse of time since the claim accrued, subject, however, to the following restriction: " no award shall be made or judgment rendered hereunder against the state, unless * * * such a claim shall be filed with the court of claims within one year from the passage of this act."

This claim was not refiled. I think a refiling necessary to bring the claim within the provisions of this act.

If it had been the intention of the legislature to revive claims already filed without refiling it would seem that the act should have so indicated.

In section 264 of the Code the provision waiving the filing of notice of intention on claims filed prior to September 1, 1912, specifically says, " such jurisdiction shall attach without refiling or previous notice." There is nothing of that kind in this act.

The legislature could extend the time for filing this claim and the act is constitutional. See *Niles* v. *State of New York,* 11 St. Dept. Rep. 217.

This claim not being filed under this act and the act not specifically referring to claims already filed, I do not think this court has jurisdiction to make an award. Claim should be dismissed.

Webb, J., concurs.

Ackerson, P. J. (dissenting). I am unable to agree with the majority of the court, that the claimant's

cause of action herein against the state is barred because he did not refile his claim within one year after the passage of chapter 657 of the Laws of 1915. I believe that it was the intention of the legislature to validate every cause of action growing out of the automobile accident on the state fair grounds at Syracuse on the 16th day of September, 1911, provided a claim properly setting forth such a cause of action should be on file in the clerk's office of the Court of Claims at any time within one year after the passage of that act, without any reference to the time when that claim was filed. This claim was on file during the year mentioned in the act. No additional information could be given any one by filing a duplicate. A claimant might well consider that the state did not intend to call upon him for any such act of tautology. Such an act is not called for by any reason which it seems to me ought to govern the judgment of reasonable men. It adds nothing to the force of the claim. It serves no further notice on the state. There is no other duty that it could perform. It is an absolutely useless act.

The law was passed to enable a tribunal to do justice between the state and its citizens and to give validity to a cause of action which had already outlawed under the short two-year statute for filing claims with the Court of Claims. The law, therefore, should be construed in the interests of justice and in view of the intent for which it was passed. The broad principles of justice on which the state expects its legislature and its judicial tribunals to proceed should be readily recognized, and no citizen should be given cause to complain that a court was so dominated by its regard for technicalities that it could not brush them aside and render substantial justice.

Claim dismissed.