GLENN ROSS, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, January 8, 1919.

State — negligence — injury arising from automobile race at State fair — statutory notice of claim prerequisite to jurisdiction of Court of Claims — constitutional law — limitation of action against State.

Where a person injured by a racing automobile at a State fair held in 1911, for which injury the State is concededly liable, failed to file a notice of intention to sue or a claim against the State within the times required by the statute then in force, and, after the enactment of chapter 657 of the Laws of 1915, which gave jurisdiction to the Court of Claims over actions arising out of the accident aforesaid " notwithstanding the lapse of time," he again failed to file his claim under the provisions of the latter act, he is not entitled to recover for the court has no jurisdiction. This because said act of 1915 required claims thereunder to be filed within one year from its passage, and also because said statute provides that no award shall be made unless sustained by evidence which would create a liability against an individual or corporation, for a claim against an individual for such negligence would have been barred by the expiration of three years.

Moreover, although the Legislature might authorize the Court of Claims to hear said claim, it could not authorize the payment of the claim, for section 6 of article 7 of the State Constitution provides that neither the Legislature, Canal Board nor any person or persons acting in behalf of the State shall audit, allow or pay any claim which as between citizens of the State would be barred by lapse of time.

The State in granting a privilege may impose any condition which to the Legislature seems proper, and the person accepting such privilege is estopped to question the constitutionality of the enactment.   Conditions

so imposed become jurisdictional facts and determine the status and rights of the litigant. Jurisdiction is not presumed, but the facts conferring it must affirmatively appear.

APPEAL by the claimant, Glenn Ross, from a judgment and decision of the Court of Claims, entered in the office of the clerk of said court on the 1st day of April, 1918, dismissing the claim herein.

*Lewis Howlett* [*James J. Barrett* and *George B. Becker* of counsel], for the appellant.

*Merton E. Lewis, Attorney-General* [*Alexander Otis, Deputy Attorney-General*, of counsel], for the respondent.

WOODWARD, J.:

There is no dispute about the facts in this case. The claimant, Glenn Ross, attended the New York State Fair at Syracuse on the 16th day of September, 1911, and was seriously injured by a racing automobile which got beyond the control of its operator. Several other persons were killed or injured at the same time, and the State has audited and paid large claims on account of the accident. It was stipulated upon the trial that the facts were essentially the same as in *Arnold* v. *State of New York* (163 App. Div. 253), and if there were power and jurisdiction in the court in the present case it is not contended that there is not a foundation for the damages claimed.

This cause of action accrued on the 16th day of September, 1911. At that time section 264 of the Code of Civil Procedure provided that the Court of Claims " has jurisdiction to hear and determine a private claim against the State * * * which shall have accrued within two years before the filing of such claim and the State hereby consents, in all such claims, to have its liability determined. * * * No claim other than for the appropriation of land shall be maintained against the State unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the Court of Claims and with the Attorney-General a written notice of intention to file a claim against the State, stating the time when, and the place where such claim arose and in detail the nature of the same, which notice shall be signed and

verified by the claimant," etc.* No notice of intention to file this claim was made within the six months after the accruing of the claim, though it appears that an attempted notice was filed on the 18th day of March, 1912, two days after the expiration of the six months. No claim was filed within the two years subsequent to the accruing of the claim, and no attempt was made to file such claim until the 7th day of December, 1914. With the close of the year 1914 the claimant had performed within the time provided by law none of the conditions prescribed by the statute as a condition precedent to his right to litigate his claim, which is for a personal injury growing out of the conceded negligence of the State. This cause of action would, as against an individual or private corporation, have been barred by the Statute of Limitations on the 17th day of September in the year 1914, and during all of that time the State had provided a tribunal which, upon complying with the conditions, would have had jurisdiction to award such damages as the claimant may have suffered.

It has been held by authorities controlling here that the State, in granting a privilege, may impose any conditions which to the Legislature seem proper, and that the person or corporation accepting such privilege is estopped to question the constitutionality of the enactment. (*People ex rel. Lasher* v. *City of New York*, 134 App. Div. 75, 79, and authorities there cited; *People ex rel. Burhans* v. *City of N. Y.*, 198 N. Y. 439, 446, and authority there cited, and at page 448; *Gates* v. *State*, 128 id. 221, 228; *Buckles* v. *State of New York*, 221 id. 418, 424.) It has likewise been held that the conditions so imposed become jurisdictional facts and determine the status and right of the litigant (*Gates* v. *State, supra; Buckles* v. *State of New York, supra*), and jurisdiction in such cases being limited and special no presumption will be entertained in support of it; but the fact conferring it must affirmatively and conclusively appear. (*Gates* v. *State*, 128 N. Y. 221, 228; *Warren* v. *Union Bank of Rochester*, 157 id. 259, 276; *Comesky* v. *Village of Suffern*, 179 id. 393, 398; *Galpin* v. *Page*, 18 Wall. 350.)

---

* See Laws of 1908, chap. 519. Since amd. by Laws of 1912, chap. 545; Laws of 1915, chap. 1, and Laws of 1917, chap 669 — [Rep.

It is certain then that up to the time of the enactment of chapter 657 of the Laws of 1915 the claimant herein had not taken any action to bring his claim before the tribunal which had been provided for that purpose; no action which he had taken up to that time had been in compliance with the provisions of law, and could not, therefore, be of any avail. Chapter 657 of the Laws of 1915 undertook to confer jurisdiction upon the Court of Claims to hear, audit and determine claims for damages growing out of the accident here under consideration. Section 2 of this act provided that " Nothing in this act shall be construed as passing upon the merits of any such claim or assuming liability on the part of the State, nor as debarring the State from interposing any legal or equitable defense to any such alleged claim or any part thereof; and no award shall be made or judgment rendered hereunder against the State, unless sustained by such legal evidence as would create a liability in a court of law or equity against an individual or corporation, nor unless such a claim shall be filed with the Court of Claims within one year from the passage of this ·act."

This act took effect on the 19th day of May, 1915, and purported to give jurisdiction of causes of action growing out of the accident in question, " notwithstanding the lapse of time since any such claim accrued." No claim was filed with the Court of Claims under the provisions of this act, and the court dismissed the claim upon this ground, while insisting that the act, in extending the time for filing claims, was within the constitutional powers of the Legislature. (103 Misc. Rep. 196.) The claimant appeals from the judgment, and the respondent asks this court to pass upon the constitutionality of the act, as other claims are now pending. The act giving the right provides, as we have seen, that no judgment shall be " rendered hereunder against the State  *  *  *  unless such a claim shall be filed with the Court of Claims within one year from the passage of this act."   " ' The Legislature has said that the thing shall not be done, and that is enough.' "   (*Wood & Selick* v. *Ball,* 190 N. Y. 217, 224, and authorities there cited.)   The suggestion of the claimant's counsel that the claim filed with the Board of Claims in 1914, after the two years' limit had been passed, may be accepted by the Court of Claims under this special statute need not be considered because this claim was one which as

between individuals would have constituted a cause of action " to recover damages for a personal injury, resulting from negligence " (Code Civ. Proc. § 383, subd. 5), and no right would have survived the three years next succeeding the accident on the 16th of September, 1911, if the State had been an individual or corporation. (Code Civ. Proc. § 383.)

Section 6 of article 7 of the State Constitution provides: " Neither the Legislature, Canal Board, nor any person or persons acting in behalf of the State, shall audit, allow or pay any claim which, as between citizens of the State, would be barred by lapse of time." The claimant's cause of action, as against an individual, was clearly barred. It thus comes squarely within the inhibition of the constitutional provision cited, and while the Legislature might authorize the Court of Claims to hear the claim it could not authorize or provide for the payment of such a claim. This was the exact question presented in *Gates* v. *State* (128 N. Y. 221), and this was the holding of the court. A like holding appears, upon the authority of this case, in *Matter of Hoople* (179 N. Y. 308, 314), and the case was relied upon generally so late as *Buckles* v. *State of New York* (221 N. Y. 418).

The court below was, therefore, technically right in holding that the Legislature had not exceeded its constitutional rights in giving that court jurisdiction to hear the plaintiff's claim, and, as it has denied the relief upon the ground that the claimant has failed to establish the necessary jurisdictional facts, the judgment dismissing the complaint is obviously right, and should be affirmed, with costs. The case of *Buckles* v. *State of New York* (*supra*) appealed strongly to the court's sense of justice, but it held that notice of an intention to file a claim was jurisdictional in its character, and that the court could not waive the requirement.

The judgment appealed from should be affirmed, with costs.

Judgment unanimously affirmed, with costs, John M. Kellogg, P. J., concurring in result.