COOPER-SNELL COMPANY, Claimant, *v.* THE STATE OF NEW YORK.

Claims Nos. 1549-A and 1688-A.

(New York Court of Claims, October, 1919.)

Statutes — construction of — jurisdiction of Court of Claims — Laws of 1918, chap. 603 — Laws of 1919, chap. 175 — Code Civ. Pro. § 264.

A statute (Laws of 1918, chap. 603) conferring jurisdiction upon the Court of Claims of plaintiff's claim against the state for extra work and damages alleged to be due it for highway construction, and its claim for damages sustained by the alleged negligence of the state in not furnishing proper grades for work in connection with another highway contract, provides that no award should be made or judgment rendered against the state unless said claims, which had been filed in 1914, about two years after their accrual, should be filed with said court within six months from May 10, 1918, when the statute became effective, but that the claims should not be defeated nor the jurisdiction of the court impaired because of the failure to file notices of intent to file such claims as provided by section 264 of the Code of Civil Procedure. *Held,* that the statute of 1918 applied only to claims already existing but thereafter to be filed and not to claims already filed, and a motion to vacate and set aside orders dismissing said claims and restoring them to the calendar will be denied without prejudice to a renewal on new papers showing facts and circumstances in addition to those stated in the claims as filed, to

support plaintiff's contention that its claims were filed within six months after the date of their accrual.

The statute (Laws of 1919, chap. 175) which confers jurisdiction upon the Court of Claims to hear and determine a certain class of claims against the state where no notice of intention to file such claims has been filed, applies to those claims only " which have been previously filed with the Court of Claims within six months from the date of accrual thereof, and before December 31, 1917."

The moving papers alleged that " this claim was duly filed with the clerk of the Court of Claims and with the attorney-general of the state of New York on or about May, 1914, and within six months after the cause of action upon said claim accrued." *Held,* that while the allegation as to the date of filing was one of fact, that as to the filing having been within six months after the cause of action accrued was a statement of a conclusion.

Ackerson, P. J., dissents.

MOTIONS by claimant for orders vacating and setting aside orders dismissing claims and to restore the claims to the calendar.

John C. Wait, for claimant.

Carey D. Davie, deputy attorney-general, for state.

SMITH, J.  Separate motions have been made by claimant in the above claims for orders vacating and setting aside orders granted by this court at its Utica, 1919, term held on January 6, 1919, dismissing these claims, and to restore the claims to the calendar.

The claims were regularly upon the calendar at the Utica term and had been duly noticed for trial by the attorney-general but claimant was not present nor represented in court, claiming that there was a misunderstanding or a breach of an understanding between its counsel and a member of the attorney-general's staff as to the disposition that would be

7

made of the claims at the Utica term and claiming also that had its counsel been present in court when the motions were made, he would have been able to convince the court that the motions should not be granted. Whatever the facts may be with regard to a misunderstanding or a breach of an understanding between the claimant's counsel and the attorney-general's office, we would not hesitate to grant these motions and restore these claims to the calendar as a matter of favor, if not of right, were we not convinced by the facts as now exhibited by claimant that this court is without jurisdiction to hear and determine the claims upon their merits and to make awards therein in claimant's favor and against the state.

The claims, as shown by claimant's moving papers and by the records and files of this court, were filed in May, 1914, but no notice of intention to file them, as required by section 264 of the Code of Civil Procedure, has ever been filed. Upon this condition of fact, beyond question this court would be without jurisdiction to hear and determine the claims. It appears, however, that the legislature, in 1918, passed an act which became a law on May 10, 1918, being chapter 603 of the Laws of that year, which in terms conferred jurisdiction upon this court to hear, audit and determine the alleged claim of the Cooper-Snell Company against the state for extra work and damages alleged to be due such company in the construction of a section of highway known as the Dolgeville village county road, numbered 868, in the county of Herkimer, and also the alleged claim of said company for damages by reason of extra work, labor, services and damages sustained by and because of the alleged negligence of the state in not furnishing proper grades for work in connection with highway contract known as the Man-

heim Center and Salisbury Center road, numbered 463, in the county of Herkimer. The act also provided " No award shall be made or judgment rendered herein against the State   *   *   *   unless such claims *shall be filed* (italics ours) with the Court of Claims within six months from the time this act takes effect; but such claims shall not be defeated nor the jurisdiction of such court impaired because of the failure to file notices of intent to file such claims as provided for by section 264 of the Code of Civil Procedure."

These claims, as filed, are for extra work and damages, as alleged in the claims, connected with and growing out of the performance by claimant of the highway contracts mentioned in the act of 1918, and claimant urges that the act confers jurisdiction upon the court to hear them and authorizes the court to make awards in its favor upon them notwithstanding the fact that they were not filed within six months after the act took effect but were in fact filed nearly, if not quite, two years prior to the time when the act took effect. We cannot agree with this contention. The natural and unmistakable meaning of the language of the act of 1918 is that its terms were to apply to claims already existing but thereafter to be filed, and not to claims which had already been filed. It must be presumed that the legislature was fully aware of the status of the claimant's claims against the state and of the facts which made remedial legislation necessary and appropriate. If, therefore, it had been intended by the legislature to confer jurisdiction upon the court to hear, audit and determine claims already filed with this court, it would not have inserted in the act the provision requiring the claims to be filed with the court within six months from the time the act should take effect, and those words, as used in the act, are

utterly meaningless unless they mean that the benefits of the act were to extend to claims thereafter to be filed.

This exact question was before this court in *Ross* v. *State,* 103 Misc. Rep. 196, where we held, construing a similar remedial statute, that a new filing was necessary in order to obtain the benefits of the act and our decision there was affirmed by the unanimous decision of the Appellate Division, Third Department (186 App. Div. 156), the court there saying as to this point (p. 159): " The act giving the right provides as we have seen, that no judgment shall be ' rendered thereunder against the State  *  *  *  unless such a claim shall be filed with the Court of Claims within one year from the passage of this act. The Legislature has said that the thing shall not be done, and that is enough.' "

Upon the argument and in his brief claimant's counsel insisted strenuously that the Appellate Division neither affirmed nor overruled the holding of the court upon the point now under consideration but rested its decision entirely upon the unconstitutionality of the remedial statute. We do not so read the opinion. The court there held that the act then under consideration was constitutional, and held as we have above noted that the legislature, having said that the claims should be filed within a limited time after the passage of the remedial act, that was enough, or in other words, that the court was bound by that declaration of the legislature. It is not the province of courts to characterize as an idle ceremony and hence to brush aside a requirement prescribed by the legislature in the exercise of its lawful powers and functions. In enacting remedial legislation, so long as it confines itself within constitutional limitations, the legislature

is the general court of last resort. It, and it alone, is the custodian of the conscience of the people of the State and it, and it alone, has the power to say what conditions it will impose upon the acceptance by its citizens of the benefits of remedial legislation which it may determine in its wisdom to enact.

That claimant well understood the meaning of the act of 1918 to be as we have held it to be appears from the fact that since the act took effect, it has filed with this court two claims against the state, viz., 15709 and 15710, for extra work and damages growing out of the performance by it of the highway contracts mentioned in the act and, although these claims differ in amount and in phraseology of statement from the claims which have been dismissed, they are clearly recognizable as being based in general upon the same considerations, facts and circumstances as the dismissed claims, and these new claims, as filed, state and allege that they are filed "under act of Legislature, Chapter 603, Laws of 1918." These new claims now remain undisposed of on our court calendar. However it appears from our files and records that they were not filed until November 12, 1918, which was not within six months after May 10, 1918, the date upon which chapter 603 of the Laws of 1918 took effect.

Claimant's contention that the act of 1918 confers jurisdiction of the claims in question seems, therefore, to be an afterthought to relieve itself of the result of its neglect seasonably to comply with the plain meaning of the enabling act of 1918. We think the contention is without merit.

Claimant further urges in support of these motions that jurisdiction to hear and determine these claims has been conferred by chapter 175 of the Laws of 1919 which conferred jurisdiction upon this court to hear

and determine a certain class of claims against the state where no notice of intention to file such claims had been filed. The application of the act of 1919 above referred to was confined by its terms to those claims only " which have been previously filed with the court of claims, within six months from the date of accrual thereof and before December thirty-first, nineteen hundred and seventeen." The nature of these claims is of the class specified in the act of 1919, and if they had been in fact filed with this court within six months of the date of their accrual, they would have been within the protection of the act. Claimant in its moving papers alleges that " this claim was duly filed with the clerk of the Court of Claims and with the attorney-general of the state of New York on or about May, 1914, and within six months after the cause of action upon said claim accrued." This allegation as to the date of filing is one of fact, but as to the filing having been within six months after the cause of action upon the claim accrued it is the statement of a conclusion. Nowhere in claimant's motion papers is there any allegation of any facts or circumstances supplementing the facts alleged in the claims themselves from which claimant has drawn or the court may draw the conclusion reached by claimant that the claims were filed within six months from the date of the accrual thereof. The facts stated and alleged in the claims as filed in no way support but expressly negative the conclusion of claimant that the claims were filed within six months from the date of their accrual. Claim 1688-A alleges that the work of the performance of the highway contract upon which the claim is based was entirely completed and performed by the claimant on or about November, 1911, and it demands judgment against the

state for the sum of $22,000, with interest thereon from the 1st day of December, 1911. Claim 1549-A alleges that the work upon which it is based was entirely completed and performed on or about November, 1911, that at least a partial settlement was had on May 6, 1912, and demands interest from the 1st day of December, 1911.

The claims, as we have seen, and as was conceded upon the argument, were not filed until May, 1914, about two years after the date of the accrual thereof, as stated in claimant's. pleading.

If facts and circumstances exist in addition to those alleged in the claims which, being proved, would show or tend to show that the date of the accrual of the cause of action was within six months previous to May, 1914, those facts and circumstances should have been alleged in the claims, or, for the purposes of this motion, should have been exhibited in claimant's moving papers. From the facts before us we cannot hold that these claims accrued within six months prior to the dates of their filing, but must hold that it appears that they accrued, if at all, long prior to that period.

The motions to restore, therefore, are denied without prejudice, however, to new applications to be made on new papers showing the facts and circumstances in addition to those stated in the claims as filed to support claimant's contention that the claims were filed within six months after the date of their accrual.

PARIS, J., concurs.

ACKERSON, P. J. (dissenting). I believe the motion to restore the above-entitled claims to the calendar of this court should be granted. I believe that the claim-

ant herein is entitled to have its day in court. These claims were regularly filed in this court and set forth that the claimant is entitled to a substantial amount of money for extra work and materials and for damages by reason of negligent engineering and inspection on the part of the State in connection with two highway contracts. No notices of intention were ever filed as required by section 264 of the Code of Civil Procedure. The claimant, however, endeavored to remedy this defect by going to the legislature. The legislature, by chapter 603 of the Laws of 1918, which became a law on May 10, 1918, passed an act entitled "An act to confer jurisdiction on the court of claims to hear, audit and determine the alleged claims of the Cooper-Snell Company against the state for damages alleged to have been sustained by such company and to render judgment therefor."

This act, it will be seen, therefore referred specifically to these very claims in its title. It referred to them more specifically in the body of the act itself. It required such claims to be filed with the Court of Claims within six months from the time this act takes effect and then adds the following clause: " But such claims shall not be defeated nor the jurisdiction of such court impaired because of the failure to file notice of intent to file such claims as provided for by section 264 of the Code of Civil Procedure."

My associates contend that under this act these claims should have been refiled within six months from May 10, 1919. These claims were on file during all of that time. There is nothing said in the act about refiling them. My reasons for this position are set forth in the dissenting opinion in the case of *Ross* v. *State of New York*, 103 Misc. Rep. 196. That dissenting opinion has never been overruled, so far as I am

aware, but the principles I there contended for have been specifically approved by the Appellate Division in the case of *Rogers* v. *State of New York,* 184 App. Div. 341, where the learned presiding justice of the Appellate Division used this language: " The statute gives permission to file a claim within a year after the act takes effect, that is, to May 4, 1917.  Concededly no new claim was filed after the act took effect but the claim had been filed before that time.  It would seem an unnecessary ceremony to refile a claim already filed. The spirit of the statute should save any claim filed before May 4, 1917.  The statute is remedial and if the only fault with reference to the appellants' claims is the failure to file a notice of intention, the objection seems so technical, where the claim itself is duly filed, that the statute may be given the broad and liberal interpretation we have suggested."

The position taken by the majority of this court in dismissing the claim of Glenn Ross was affirmed by the Appellate Division but upon entirely different grounds than those mentioned in the prevailing opinion in this court.  The principles contended for in the dissenting opinion in this case in this court were not disapproved. Judge Woodward in his opinion in the Appellate Division has taken the position that it was unnecessary to consider that question.  He used this language: " The suggestion of the claimant's counsel that the claim filed with the Board of Claims in 1914, after the two years' limit had been passed, may be accepted by the Court of Claims under this special statute need not be considered because this claim was one which as between individuals would have constituted a cause of action ' to recover damages for a personal injury, resulting from negligence ' * * * and no right would have survived the three years next succeeding

the accident on the 16th of September, 1911, if the State had been an individual or corporation.''

To recapitulate, we now have this situation: These claims were filed in May and June, 1914. They were claims which the court did not have jurisdiction to hear unless a notice of intention was filed in accordance with section 264 of the Code of Civil Procedure. No such notice was filed. The legislature thereafter passed an act giving this court jurisdiction to hear these specific claims notwithstanding no notice of intention was filed, which act became a law May 10, 1918. Thereafter, and on January 6, 1919, this court dismissed these claims upon the ground that no notice of intention was filed. Such order dismissing these claims in view of the act of the legislature giving the court the power to hear those claims, as above referred to, was wrong and made, in my judgment, under a misapprehension of the law. The claims should now, therefore, be restored to the calendar and the claimant given its day in court.

Chapter 603 of the Laws of 1918 did not call for a refiling of these claims. They were on file at all the times mentioned in that act for them to be on file. The reason for not refiling the claims after the special act was passed was set forth in the dissenting opinion in the *Glenn Ross* case in this court and approved in the opinion of Presiding Justice Kellogg in the case of *Rogers* v. *State,* above referred to. The application of the claimant, therefore, to have the claims restored to the calendar should be granted.

Motions denied, without prejudice.