Cooper-Snell Company, Appellant, *v.* The State of New York, Respondent.   (Claims Nos. 1549A, 1688A.)

Fourth Department, July 6, 1920.

**Court of Claims — act conferring jurisdiction to determine claim against State — provision as to filing claim construed — prior filing of claim effective to confer jurisdiction.**

Although chapter 603 of the Laws of 1918, which conferred jurisdiction on the Court of Claims to hear and determine the claims of the Cooper-Snell Company for damages sustained in connection with highway construction, provided that no award should be made or judgment rendered " unless such claim shall be filed with the Court of Claims within six months from the time this act takes effect," it was unnecessary to refile claims under said enabling act, if, in fact, they had already been filed before the act · took effect, as such prior filing was a substantial compliance with the statute.

Hence, the Court of Claims should not refuse to open a default of the claimant merely upon the ground that it lacked jurisdiction to determine the question, because the claims were not refiled.

Clark and De Angelis, JJ., dissent, with opinion.

APPEAL by the claimant, Cooper-Snell Company, from certain orders made by the Court of Claims and entered in the office of the clerk of said court on the 3d day of December, 1919, denying claimant's motions to vacate and set aside certain orders made in said court, dismissing on jurisdictional grounds two claims against the State.   (See 192 App. Div. 935.)

*John C. Wait* [*Howard G. Wilson* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*J. L. Cheney, Deputy Attorney-General*, of counsel], for the respondent.

KRUSE, P. J.:

I think it was not necessary to refile these claims to comply with the provisions of the act of 1918 (Laws of 1918, chap. 603).   The claims were on file when the act took effect and have remained on file with the Court of Claims.   This, as it seems to me, is a substantial compliance with the act and accords with the reasoning of KELLOGG, P. J., in *Rogers* v. *State of New York* (184 App. Div. 340).

The Court of Claims refused to open the default upon the sole ground that it did not have jurisdiction to determine the same, because the claims were not refiled within six months after the act of 1918 took effect.   The prevailing opinion of that court concedes that a case was made out to open the default. It seems to me that the learned court put too strict a construction upon the act.   (See 109 Misc. Rep. 96.)

While the act requires these claims to be filed with the Court of Claims within six months from the time the act takes effect, there is nothing in the act which provides for refiling, if, in fact, the claim was already on file at the time the act took effect, and no good reason is suggested, as it seems to me, why such refiling should be required.

The order denying the application to open the default and for an order setting aside and vacating the dismissal should be reversed, with ten dollars costs, besides disbursements on this appeal, and the application should be granted.

All concur, except DE ANGELIS and CLARK, JJ., who dissent in an opinion by CLARK, J.

Clark, J. (dissenting):

The claimant in May and June, 1914, presented two claims against the State for extra work and for damages, the claims growing out of highway improvement contracts in Herkimer county, upon which the full contract price had been paid.

Notice of one claim, No. 1549A, was filed May 5, 1914, but more than two years after the completion of the work under the contract in connection with which this claim arose. Notice of the other claim, No. 1688A, was filed June 20, 1914, but more than two years after the completion of the work under the contract in connection with which this claim arose.

No notice of intention was filed in either case as provided for by section 264 of the Code of Civil Procedure.

The claims were placed on the calendar of the Court of Claims for the Utica term, and were dismissed on motion of the Attorney-General, January 6, 1919, the claimant not appearing to prosecute the claims, and the court holding that it was without jurisdiction to hear them.

Claimant appeals from the order of January 6, 1919, dismissing the claims, and also from the order of December 3, 1919, denying its motion for an order vacating the order of January 6, 1919, dismissing said claims.

It is the contention of claimant that the Court of Claims had jurisdiction to hear these claims by the express provisions of chapter 603 of the Laws of 1918, urging that these claims having been once filed, a refiling was not necessary within six months from the time that act took effect.

These claims grew out of two contracts for highway improvement in Herkimer county, one of which was completed and accepted February 14, 1912, and the other January 28, 1912, and these claims for extra work and damages accrued on these dates respectively. One of these claims was filed May 5, 1914, and the other was filed June 20, 1914, there having been no notice of intention to file in either case, as required by section 264 of the Code of Civil Procedure.

It is important to inquire whether or not the enabling act, chapter 603 of the Laws of 1918, will relieve claimant of its omission to file the notice of intention required by section 264 of the Code of Civil Procedure. The act was passed and took effect May 10, 1918. It was legislation evidently passed in

the interest of claimant, for its title provides that it is "An Act to confer jurisdiction on the Court of Claims to hear, audit and determine the alleged claims of the Cooper-Snell Company [this claimant] against the State for damages alleged to have been sustained by such company, and to render judgment therefor." And by section 1 of the act jurisdiction was conferred on said court to hear, audit and determine claims of the Cooper-Snell Company against the State for extra work and damages claimed to be due the company in connection with highway construction in Herkimer county, but in section 2 of the act it distinctly provided that no award should be made or judgment rendered " unless such claims shall be filed with the Court of Claims within six months from the time this act takes effect."

The claims had been filed in May and June, 1914, respectively, but no notice of intention had ever been filed, so they were not properly filed, and were ineffectual to confer jurisdiction on the Court of Claims. They were not refiled at all after chapter 603 of the Laws of 1918 took effect May 10, 1918, and inasmuch as that statute expressly provided that its benefits were to be limited to such claims as " shall be filed with the Court of Claims within six months from the time this act takes effect," I cannot see how its provisions can be effectual to revive claims that were dead because they had never been legally filed.

The plain meaning of the statute is that it was to apply to existing claims, but thereafter to be filed, and not to claims that had been previously filed, but lacking a notice of intention to file as required by the Code.

The act of 1918 (Laws of 1918, chap. 603) cannot be construed as referring to claims already filed. If that had been the legislative intent, why was a clause inserted limiting its benefits to claims that " *shall be filed* with the Court of Claims within six months from the time this act takes effect? " These claims were never filed with the Court of Claims in pursuance of the provisions of that act, and, therefore, the court acquired no jurisdiction in regard to them. (*Ross* v. *State of New York* 103 Misc. Rep. 196; 186 App. Div. 156.)

Chapter 175 of the Laws of 1919 conferred jurisdiction on the Court of Claims to hear and determine certain claims

against the State when no notice of intention in regard to such claims had been filed. This act, however, expressly provided that it applied only to claims " which have been previously filed with the Court of Claims, within six months from the date of accrual thereof," and before December 31, 1917, but for which no notice of intention had been filed with the Court of Claims or the, Attorney-General, or both, within such six months.

These claims were filed in 1914, one in May and the other in June of that year. The contracts out of which they grew were completed, accepted and paid for in January and February, 1912, the claims being filed more than two years after the work under the contracts out of which they grew had been completed and accepted.

No facts are shown in the record to support claimant's contention that the claims were filed within six months after they accrued; indeed the record distinctly disproves that mere conclusion.

These statutes (Laws of 1919, chap. 175, and Laws of 1918, chap. 603), on which claimant relies, are in derogation of the sovereign rights of the State and should be strictly construed. That being true, claimant must fail on this motion for the reason that as to the act of 1918 the claims were not filed under its provisions within six months after it took effect, and as to the act of 1919 the claims were not filed within six months from the dates of the accrual thereof, and the disposition of the motions by the Court of Claims, because of lack of jurisdiction, was proper.

The orders appealed from should be affirmed, with costs.

DE ANGELIS, J., concurs.

Orders reversed, with ten dollars costs and disbursements in each claim, and motions to open defaults granted, with ten dollars costs in each claim.