### KARR v. VILLAGE OF ALFRED.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1911.)

1. MUNICIPAL CORPORATIONS (§ 741*)—TORTS—FILING CLAIM.

Under Village Law (Laws 1897, c. 414) § 322, which provides, in case of a claim for damages for an injury to person or property by negligence, that a written verified statement of the claim be filed within six months, filing by sending the statement through the mail is insufficient where not shown to have been actually received by the village clerk within the specified time.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 819*)—INJURIES FROM DEFECTIVE SIDEWALKS—
FILING CLAIM—EVIDENCE.
  In an action for an injury received on a defective sidewalk, evidence
*held* insufficient to support a finding that the statement of claim required
by Village Law (Laws 1897, c. 414) § 322, as a condition precedent to the
bringing of the action, was filed within the time limited therein.
  [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig.
§ 819.*]

3. MUNICIPAL CORPORATIONS (§ 741*)—TORTS—FILING CLAIM.
  Under Village Law (Laws 1897, c. 414) § 322, which provides that, in·
case of injury to person or property by negligence, a written verified
statement of the claim be filed within six months, the statement re-
quired must make a claim for the injuries referred to therein, and indi-
cate with definiteness the place where they were received.
  [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1562; Dec. Dig. § 741.*]

Appeal from Trial Term, Allegany County.

Action by Raymond Karr by Leroy L. Karr, his guardian ad litem,
against the Village of Alfred. From a judgment for plaintiff and an
order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Jesse S. Phillips, for appellant.
Clayton M. Smith, for respondent.

WILLIAMS, J.  The judgment and order should be reversed and
a new trial granted, with costs to appellant to abide event.

The action was negligence.  The accident was a fall on a defective
sidewalk.  It occurred September 1, 1907.  The boy was only eight
years of age.  Village Law, § 322 (chapter 414, Laws 1897), then pro-
vided:

"No action shall be maintained against the village, for damages for a person-
al injury, or an injury to property, alleged to have been sustained by reason of
the negligence of the village, or of any officer, agent or employé thereof, unless
the same shall be commenced within one year after the cause of action there-
for shall have accrued.  *Nor* unless a written verified statement of the nature
of the claim, and the time and place such injury is alleged to have been re-
ceived, shall have been filed with the village clerk within six months after
the cause of action shall have accrued.  An action on such a claim shall not
be commenced until the expiration of thirty days after it is presented."

The action was commenced September 1, 1908, just within one
year after the cause of action accrued, but there was controversy on
the trial as to whether the written verified statement required by this
section was filed with the village clerk within six months after such
cause of action accrued.  A paper was presented at the trial, and is
before us here, which is all typewritten, except the signature of the
affiant, and the signature of the notary public, with his official designa-
tion and seal, of which the following is a copy:

"State of New York, Allegany County—ss.:

"L. L. Karr, being duly sworn, deposes and says that he resides in the
town and village of Alfred, Allegany county, New York; that he is the father
of Raymond Karr, aged eight years, in the month of May, 1907; that on or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
  132 N.Y.S.—69

about the first day of September, 1907, said Raymond Karr was injured on Hill street in the village of Alfred, N. Y., by falling on a cement sidewalk, on the side of the property of W. O. Place; that said Raymond Karr's injury consisted of an injury to the left shoulder and caused a paralysis of said left arm, and also said Raymond Karr suffered other injuries to his person, and especially to his nervous system to said Karr's injury in the sum of $10,000.00.                                                                L. L. Karr.

"Sworn to before me this 6th day of February, 1908.

"Forrest M. Babcock, Notary Public. [Seal.]"

The latter having upon it the words, "Forest M. Babcock, Notary Public, *Scio,* Allegany County, N. Y."

[1] The statement to comply with the statute must have been filed with the village clerk before March 1, 1908. The only filing claimed to have been established was a sending of this paper through the post office about February 6, 1908, and the receipt thereof by the clerks prior to March 1, 1908. Such filing was not made by sending the statement through the post office, unless it actually came into the hands of the clerk before the 1st of March, 1908. Gates v. State, 128 N. Y. 221, 28 N. E. 373; Missano v. Mayor, 160 N. Y. 123, 54 N. E. 744.

The court so held in denying the motion for a nonsuit, and so charged the jury in the final submission of the case. The question was left to the jury whether the statement was in fact received by the clerk before March 1, 1908. This involved the question whether it was mailed as claimed on or about February 6, 1908, as claimed in behalf of plaintiff, and, even if it was, then whether the clerk received it in due course about that time, or at a much later time, as claimed in behalf of defendant. There appeared to be little doubt but that the statement inclosed in an envelope both inclosed in a paper, called a "weather forecast," under date of August 14, 1908, were found lying in a street of the village of Alfred on August 15, 1908; that they were at once deposited in the post office, and the postmaster put them in the box of the clerk, and thus came into his hands. These papers must have been left in the street not earlier than August 1–15, 1908, because of the date of issue of the weather forecast. The envelope had no stamp upon it, but a broken portion of the post office cancellation stamp. There was nothing on the papers to indicate when the statement and envelope were first deposited in the post office. The clerk testified that he never saw the statement, that it never came into his hands until August 15, 1908. Unless he did actually receive it before March 1, 1908, there was no filing sufficient to comply with the statute.

In behalf of the plaintiff, it was claimed that the statement was mailed about February 6, 1908, and that the presumption thereupon was that it did in due course come to the clerk's hands, and that his evidence was therefore not credible. The court charged the jury that this presumption would follow, but added:

"When we say 'presumption,' we simply mean this: That unexplained, you would be justified in inferring that it was in fact received, but it is always open for the person to show by testimony, or legitimate evidence, that he in fact did not receive it."

This whole question of presumption, however, rests upon the determination as to when the statement and envelope were deposited in the post office. The statement had the date of the notary's certificate, February 6, 1908, all typewritten. It was prepared in the law office of Harry Allen at Hornell, and, put in typewriting by his typewriter, Miss Canfield, was sent by mail to Karr, who received it at Alfred, and signed it and verified it before Forrest Babcock, whose notary's seal indicates his residence was Scio. Karr claimed all these things, the preparation of the paper, sending it to Alfred, and the verification at Scio, were on the same day, February 6, 1908, and that on that day he delivered it in the envelope to Mrs. Hastings to mail, and she did mail it the same day. Mr. Allen and Miss Canfield say the statement was not prepared until after March 1, 1908, but the plaintiff's counsel did not subject them to any particular cross-examination as to the correctness of their recollection or the reason for inserting the date as February 6, 1908. The president of the village testified that Karr talked with him on August 4, 1908, and asked for an extension of his time to file the claim, and was told the time had already expired. Karr admits he had an interview with the president at that time, but testifies that what he asked for was an extension of the time to bring the action.

Ordinarily in preparing a paper in typewriting to be sent away and executed later the day of the month would be left blank to be filled in by the notary, the date being filled in when the paper was verified. The notary might not notice whether the date was correct or different from the time he was adding his certificate. He was not called as a witness upon the trial. It is difficult to appreciate why this statement, if prepared and verified before March 1, 1908, was not taken directly to the clerk's office, and delivered there, instead of being sent by mail as claimed. The statement and envelope and the weather forecast did not have the appearance of being long exposed to the weather when found in the street. In fact, the latter paper could hardly have been in existence more than a day or two when found. How came these papers in the street? Who placed or dropped them there? The clerk could not have taken them from the post office in February, and have dropped them in the street at that time. Would he have been likely to have kept them all the time from February until August, and then have taken this means of making it appear he had never received them? Or did Karr omit to file the claim within the six months, before March 1, 1908, then try to cover his omission by his application to the president of the village August 4th, and, failing in that, were these papers in some way brought into existence, and dropped in the street to be found later, as they were? The plaintiff's claim rests wholly upon the presumption that the clerk received the statement because of the claim that it was mailed. The defendant's evidence, unless wholly discredited, shows the clerk did *not* receive it until August, which was too late.

[2] The finding by the jury that he did receive it before the 1st of March, 1908, was, I think, contrary to the evidence, and therefore should not be allowed to stand.

[3] There are other troublesome questions in the case. The statement nowhere makes any claim against the village for the injuries referred to therein, and the same was not addressed in itself or upon the envelope in which it was claimed to be sent to the village or to the clerk, nor did the statement indicate with any definiteness the place where the injuries were received.

I think for the reasons stated the judgment and order should be reversed upon the law and the facts.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur; McLENNAN, P. J., and SPRING and KRUSE, JJ., also on ground that the notice was not sufficient.