[No. 13405. Department One. September 30, 1916.]

GEORGE BOUCKAERT *et al.*, *Respondents*, v. BURWELL &
MORFORD, INCORPORATED, *Appellant*.[1]

FRAUD—ACTION—MEASURE OF DAMAGES. The measure of damages
for fraud inducing a trade of plaintiffs' equity in certain lots must
be based upon the market value of the plaintiffs' equity in the lots,
and not upon the market value of the lots.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered November 13, 1915, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for damages for fraud. Reversed.

*Byers & Byers*, for appellant.

*E. M. Farmer*, for respondents.

MORRIS, C. J.—Appeal from a judgment upon a verdict
in favor of the plaintiffs, in an action to recover damages for
false representations in a trade of real estate. Respondents
authorized appellant, a real estate broker, to dispose of their
equity in ten Seattle lots. Under this authority, appellant
secured a trade for forty acres of land in Yakima county.
Respondents, alleging that they were induced to make the
trade through fraudulent representations as to the character
and value of the Yakima county land, brought this action
against the broker and recovered judgment, from which this
appeal is taken.

Several questions are raised by the appeal, but as our con-
clusion as to one necessitates a new trial, this only will be
noted. In instructing the jury as to the measure of dam-
ages, the lower court charged that such measure would be
the difference between the market value of the Seattle lots
and the market value of the forty acres in Yakima county on
the day of the trade. This was clearly error. The measure
of respondents' damage would be the actual loss sustained by

[1]Reported in 160 Pac. 7.

them and no more. "Actual damages means a just compensation for the wrong suffered." *Scribner v. Palmer*, 81 Wash. 470; 142 Pac. 1166. The wrong suffered by respondents, if any, was not to be measured by the market value of the Seattle lots, but only by the value of the interest they lost. The appellant alleges that respondents authorized it to sell their equity in the Seattle lots, and the value of such equity is the only loss complained of. The damages suffered, then, would be based upon the value of respondents' equity, since that is all that they lost; not the market value of the entire holding.

For this error the judgment is reversed, and the cause remanded for a new trial.

MOUNT, CHADWICK, ELLIS, and FULLERTON, JJ., concur.