(No. 12623.—Reversed and remanded.)

THE TAZEWELL COAL COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(MARTINA LIP-
NICK, Admx., Defendant in Error.)

*Opinion filed April 15, 1919.*

1. CONSTITUTIONAL LAW—*liability cannot be imposed without
notice and an opportunity to be heard.* The constitution affords
protection against the imposition of any liability without notice
and an opportunity to be heard.

2. WORKMEN'S COMPENSATION—*jurisdiction of the Industrial
Board must appear from facts in record.* There is no presumption
of jurisdiction in favor of a body exercising a limited or statutory
jurisdiction, such as an industrial board, and nothing is taken by
intendment in favor of such jurisdiction but the facts upon which
it is founded must appear in the record.

3. SAME—*employer entitled to judicial review of proceeding to
commute award—when action of board cannot be sustained.* The
employer has a right to a judicial review of a proceeding before
the Industrial Board to commute an award to a lump sum, and
where the record contains no fact or evidence upon which the
order of the Industrial Board is founded but only the conclusion
of the board that it is for the best interest of the parties that com-
pensation be paid in a lump sum the order cannot be sustained.

WRIT OF ERROR to the Circuit Court of Tazewell
county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

WILLIAM A. POTTS, for plaintiff in error.

J. P. ST. CERNY, (W. B. COONEY, of counsel,) for de-
fendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The Industrial Board awarded compensation to defend-
ant in error, Martina Lipnick, administratrix of the estate
of Andrew Lipnick, deceased, on account of his death while
in the employment of. plaintiff in error, the Tazewell Coal
Company. On September 12, 1917, plaintiff in error filed

287 — 30

its verified petition in the circuit court of Tazewell county, alleging that on July 2, 1917, defendant in error, Martina Lipnick, filed her petition for payment of the compensation in a lump sum, and upon a hearing an order was made on August 21, 1917, by which the compensation was commuted to a lump sum of $3093.74, and notice of the order was received by plaintiff in error on August 25, 1917; that no notice of the filing of the petition was given to plaintiff in error, and it had no notice of the pendency of the petition and no opportunity to appear and oppose, by evidence or otherwise, the commutation of the award to a lump sum, and that the Industrial Board had no jurisdiction of the cause or the person of the plaintiff in error. The petition prayed for a writ of *certiorari* commanding the Industrial Board to certify to the court a full and complete record of the proceedings. The writ was issued and a return was made certified as a full and complete record, which showed a petition for the commutation of the compensation to a lump sum and alleging facts upon which the petition was based. Concerning jurisdiction and the basis for the finding and order of the board the record is as follows: "The said board having given proper notice to the parties hereto and said matter now coming to be heard, the board, upon proper showing of the parties hereto and having made careful inquiry and investigation of said matter and being fully advised in the premises, doth find that it is for the best interest of the parties hereto that compensation be paid in a lump sum." The court quashed the writ of *certiorari*, dismissed the petition, rendered judgment for costs against plaintiff in error and certified that the cause was one proper to be reviewed by this court.

Section 9 of the Workmen's Compensation act provides that upon a petition to the Industrial Board, if, upon proper notice to the interested parties and a proper showing made before the board, it appears for the best interest of the parties that the compensation be paid in a lump sum the board

may order commutation to an equivalent lump sum. The statute does not prescribe the character of notice which shall be given or the length of time or manner of service but only that there shall be proper notice. The record does not show any rule or regulation of the board as to what is regarded as proper notice or what notice is to be given, which would be subject to judicial review to determine its reasonableness. (*Kettles* v. *People,* 221 Ill. 221.) The constitution affords protection against the imposition of any liability without notice and an opportunity to be heard. There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction, such as an industrial board. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record. The record filed in return to the writ does not show what notice was given to plaintiff in error or what method of informing plaintiff in error of the proceeding was adopted or regarded proper by the Industrial Board, and the record fails to show jurisdiction over plaintiff in error or any authority of the board to hear and decide the question presented by the petition. Plaintiff in error had a right to a judicial review of the proceeding, and the record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order. (*Forschner & Co.* v. *Industrial Board,* 278 Ill. 99.) The record contains no fact or evidence upon which the order was founded but only the conclusion of the board that it was for the best interest of the parties that compensation be paid in a lump sum. Such a record practically deprives a party of any review of the proceeding.

The judgment of the circuit court is reversed and the cause is remanded. *Reversed and remanded.*