Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of FREDERICK H. CHEESMAN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* CLARENCE V. CHEESMAN, Employer, Defendant, Impleaded with ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellant.

Third Department, November 24, 1922.

Workmen's Compensation Law — filing claim — proof of mailing claim to State Industrial Board not proof of filing — facts conferring jurisdiction on State Industrial Board cannot be established by presumption — failure to file claim within one year cannot be raised by insurance carrier — Workmen's Compensation Law, §§ 28 and 54, construed.

The filing of a claim with the State Industrial Board is not shown by proof that the claimant mailed the claim properly inclosed in a postpaid envelope addressed to the State Industrial Board at its address at Albany, N. Y.; the actual receipt of the claim by the State Industrial Board must be proven.

The State Industrial Board being an inferior tribunal whose powers exist solely by statute, the facts conferring jurisdiction cannot be established by a presumption; they must be conclusively shown.

Accordingly, the presumption that a letter addressed and mailed reaches its destination does not establish the filing of the claim.

Where the employer fails to object that the claim was not filed in time and does not plead that by virtue of section 28 of the Workmen's Compensation Law the claim is barred for failure to file within one year after the accident, the insurance carrier cannot raise the objection and thereby defeat the claim, in view of section 54 of the Workmen's Compensation Law, read in connection with section 28 thereof.

HINMAN and KILEY, JJ., dissent, with opinion.

APPEAL by the defendant, Ætna Life Insurance Company, from a decision and award of the State Industrial Board, made on the 7th day of November, 1921.

*T. Carlyle Jones,* for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

VAN KIRK, J.:

Clarence V. Cheesman, the employer, under the trade name " Cheesman Elevator Company," did a business of constructing and installing elevators. The claimant, Frederick H. Cheesman, is the son of Clarence V. Cheesman; he was employed as an electrician. On November 15, 1918, while engaged in his regular work, he received very serious accidental injuries, which arose out of and in the course of his employment.

The insurance carrier appeals and raises two questions:

(1) Was a claim for compensation filed within one year after the accident?

(2) The employer not having taken the objection that the claim had not been filed and, therefore, having waived the bar of the statute, is the carrier bound by the award? (Workmen's Compensation Law, § 28, as amd. by Laws of 1918, chap. 634; Id. § 54, subd. 2, as amd. by Laws of 1916, chap. 622.)

The claimant did not personally file a claim for compensation until February 4, 1921. Another claim, dated December 7, 1918, was received by the Commission February 7, 1921. This latter claim the father says is a duplicate of a claim which he mailed to the Commission at Albany about September, 1919. If any claim was filed within the time, it is that said to have been so mailed. The testimony given with reference to the preparation and mailing of this claim is very unsatisfactory. It is at one time stated that this claim was verified by the father and at another time by the son. The son says he did not sign or verify it. The time of the alleged mailing is left vague. The most favorable statement of the evidence in favor of the mailing of the claim is that some form of claim was filled out, was signed and verified by the father; it

was addressed to Albany. Who deposited it in the mail, or where it was deposited, is not further shown than by the statement of the father that he mailed it. There is no proof that the wrapper was stamped. If, however, we assume there was proof of a proper mailing of this claim to the Commission at Albany, this is not proof of filing. There is indeed a presumption that a letter properly directed and stamped and duly mailed is received by the person to whom it is directed; but this is a presumption of fact only based upon the circumstances of the particular case. The statute requires that a claim for compensation shall be filed with the Commission. The word " file " is defined in Webster's New International Dictionary: " Law. a, To deliver (a paper or instrument) to the proper officer so that it is received by him to be kept on file, or among the records of his office." Section 20 of the Workmen's Compensation Law (as amd. by Laws of 1919, chap. 629) gives to the Board " full power and authority to determine all questions in relation to the payment of claims presented to it for compensation under the provisions of this chapter." This is the one expression in the statute conferring power upon the Commission or Board to determine claims. The one section of the statute defining the expression " presented to it " is section 28· (as amd. *supra*), which bars the claim unless " filed with the Commission " within one year after the accident or death. In order to constitute a filing, the claim must be actually delivered " so that it is received by " the proper filing officer or body. The State Industrial Commission, now the State Industrial Board, being an inferior tribunal, whose powers exist solely by statute, the facts conferring jurisdiction cannot be established by presumption; they must be conclusively shown. The claim can only be enforced by compliance with the statute. (*Gates* v. *State*, 128 N. Y. 227, 228; *Missano* v. *Mayor*, 160 id. 123, dissenting opinion, 133; *Diehl* v. *Becker*, 227 id. 318; *Karr* v. *Village of Alfred*, 148 App. Div. 435; *Matter of Twonko* v. *Rome Brass & Copper Co.*, 224 N. Y. 263.) To hold that proof of mailing the claim properly addressed and stamped, supported by the presumption that it reached its destination, is sufficient proof of filing, is to defeat the purpose of the statute, is to open wide the door and offer every person the temptation to perjury in each case in which the claim is not filed in time. If in fact it is lost before delivery, it certainly is not filed and it is the filing which institutes the proceeding and brings the claim before the Commission or Board. There is a substantial distinction between a presumption and an inference. If the presumption that the letter mailed is received could, when undisputed, be sufficient proof of its receipt by the proper officer, such presumption must be held to disappear

upon substantial proof that it has not been received. (*Potts* v. *Pardee*, 220 N. Y. 431, 433.) The Commission, or Industrial Board, is a public body, against which no suspicion of concealment arises. A careful search has been made for the claim said to have been mailed to the Albany office and no such claim is in the office; it was never received. Also, there being substantial proof that the claim was not filed, a presumption under section 21 of the Workmen's Compensation Law cannot be indulged. It is significant that the statute nowhere authorizes the *filing* of a claim by sending it through the mail, but it authorizes the *service* of certain notices by registered mail. (Workmen's Compensation Law, § 18, as amd. by Laws of 1918, chap. 634; Id. § 54, subd. 5, as amd. by Laws of 1916, chap. 622.) If it were intended that a mailing of the claim, by registered letter or otherwise, were the equivalent of filing, we think it would have been so expressed in the statute. We hold that proof of mailing the claim, though inclosed in a wrapper addressed to the State Industrial Commission or Board at its address and duly stamped, is not sufficient proof that the claim is filed.

But in this case the employer did not raise on the hearing the objection under section 28 of the act; and the question remains whether the carrier alone may take the objection and thus defeat the claim. We recall here that a proper notice of claim was filed with and retained by the Commission though more than one year after the accident. Section 28 (as amd. by Laws of 1918, chap. 634) provides: " The right to claim compensation under this chapter shall be forever barred unless within one year after the accident, * * * a claim for compensation thereunder shall be filed with the Commission, but the employer and insurance carrier shall be deemed to have waived the bar of the statute unless the objection to the failure to file the claim within one year is raised before the Commission on the hearing of a claim for compensation filed by the injured employee, or his or her dependents." The carrier did take this objection on the hearing on this claim. The liability under the act rests primarily on the employer. (Workmen's Compensation Law, § 3, subd. 3, as amd. by Laws of 1917, chap. 705; Id. § 10.) An award to an employee may run against both the employer and the insurance carrier and may be collected from either. An employer doing a hazardous business is not released from liability because it has made an insurance contract with a carrier. A claim for compensation is presented to the employer or to the Commission (now Commissioner), not to the insurance carrier. (Workmen's Compensation Law, § 20, as amd. by Laws of 1917, chap. 705, and Laws of 1919, chap. 629.) The

insurance carrier is brought in by the insurance contract, which it makes with the employer, insuring the payment of compensation to the employee, which compensation is due from the employer. Section 54 of the act (as amd. by Laws of 1916, chap. 622) contains certain specifications as to this contract. Subdivision 1 thereof reads: " Right of recourse to the insurance carrier. Every policy of insurance covering the liability of the employer for compensation issued by a stock company or by a mutual association authorized to transact workmen's compensation insurance in this State shall contain a provision setting forth the right of the Commission to enforce in the name of the People of the State of New York for the benefit of the person entitled to the compensation insured by the policy either by filing a separate application or by making the insurance carrier a party to the original application, the liability of the insurance carrier in whole or in part for the payment of such compensation; provided, however, that payment in whole or in part of such compensation by either the employer or the insurance carrier shall to the extent thereof be a bar to the recovery against the other of the amount so paid." Subdivision 2: " Knowledge and jurisdiction of the employer extended to cover the insurance carrier. Every such policy shall contain a provision that, as between the employee and the insurance carrier, the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier; that jurisdiction of the employer shall, for the purpose of this chapter, be jurisdiction of the insurance carrier and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation under the provisions of this chapter." It will be remembered also that it has been repeatedly held that the admissions of the employer are binding upon the carrier. Sections 28 and 54 of the act must be read together. In this case the employer has not taken an appeal; and, not having taken the objection on the hearing that the claim has not been filed within the year, he " waived the bar of the statute." The award, therefore, against the employer must be affirmed, and since " jurisdiction of the employer shall, for the purpose of this chapter, be jurisdiction of the insurance carrier," and since " the insurance carrier shall in all things be bound by and subject to the  *  *  *  awards rendered against the employer for the payment of compensation under the provisions of this chapter," the award must be affirmed against the carrier. There is no provision of the statute which permits the carrier to take the objection that the claim for compensation has not

been filed and thereby bind the employer or the employee. In this case the Board had jurisdiction of the employer and by his waiver jurisdiction of the claim. It has, therefore, jurisdiction of the carrier, who in turn is bound by the award against the employer; and we call attention again that, under subdivision 1 of section 54 (*supra*), the insurance carrier is not a necessary party to the proceeding, but its liability may be enforced on a separate application. The intent and purpose of the act will be defeated if an insurance carrier, a permitted, not a necessary party to a claim, may defeat an award against an employer by alone taking an objection against jurisdiction of the claim and of an employer. Our attention is not called to any provision of the contract of insurance which binds the employer to act with the carrier in defending against the claim. If there be such a provision its breach cannot be availed of to the disadvantage of the claimant, employee, nor can the fact that the employer in this case is the father of the claimant, and naturally would be solicitous that his son should receive compensation, vary the provisions of the statute. By chapter 615 of the Laws of 1922 (Consol. Laws, chap. 67), which took effect on July 1, 1922, all of the foregoing sections of the Workmen's Compensation Law have been revised into correspondent sections of the present statute, except that section 3 has become section 2 of the new act. The revised phraseology was required so as to fit the new organization of the Department of Labor. (See Labor Law of 1921, § 10 *et seq.;* Id. § 27, as amd. by Laws of 1921, chap. 642.)

The award should, therefore, be affirmed, with costs to the State Industrial Board.

H. T. KELLOGG, Acting P. J., and HASBROUCK, J., concur; HINMAN, J., dissents, with an opinion in which KILEY, J., concurs.

HINMAN, J. (dissenting):

I concur in the holding that proof of mailing the claim though inclosed in a wrapper addressed to the State Industrial Commission or Board at its address and duly stamped is not sufficient proof that the claim is filed.

I cannot, however, concur in the conclusion that the insurance carrier alone is not empowered to take the objection to the failure to file the claim within one year.

Section 28 of the Workmen's Compensation Law (as amd. by Laws of 1918, chap. 634) provides that the right to claim compensation shall be barred unless within one year after the accident or death resulting therefrom a claim for compensation shall be filed with the Commission, " but the employer and insurance carrier shall be deemed to have waived the bar of the statute unless

the objection to the failure to file the claim within one year is raised before the Commission [now Board] on the hearing of a claim for compensation filed by the injured employee, or his or her dependents." The statute does not say unless the objection is raised by them (the employer and insurance carrier), but the language is " unless the objection  *  *  *  is raised." Can we say that the objection has not been raised when concededly the insurance carrier has raised it on the hearing? The objection runs to the jurisdiction of the Commission or Board to entertain the claim. If the objection has been raised the Commission or Board lacks the jurisdiction of the employer (Workmen's Compensation Law, § 54, subd. 2, as amd. by Laws of 1916, chap. 622) to which Mr. Justice VAN KIRK refers as conferring jurisdiction upon the insurance carrier. If I am correct in this analysis the Commission or Board has never had jurisdiction of the employer in this case notwithstanding his failure to raise the objection himself, and his failure to appeal from the award cannot confer jurisdiction to sustain the same. The argument of Mr. Justice VAN KIRK, in applying the provision of section 54, subdivision 2, that " jurisdiction of the employer shall  *  *  *  be jurisdiction of the insurance carrier," presupposes jurisdiction of the employer which is lacking in view of the fact that timely objection was raised.

It follows that the award should be reversed and the claim dismissed, with costs against the State Industrial Board.

KILEY, J., concurs.

Award affirmed, with costs in favor of the State Industrial Board.