[No. 21631.   Department Two.   May 31, 1929.]

PUGET SOUND NAVIGATION COMPANY, *Respondent*, v.
THE DEPARTMENT OF PUBLIC WORKS *et al.*,
*Appellants*, OTTO LORENZ, *Defendant*.[1]

[1]Reported in 278 Pac. 189.

418

*The Attorney General* and *H. C. Brodie, Assistant,* for appellant Department of Public Works.

*W. F. Fisher* and *Dan F. North,* for appellants Tuttle *et al.*

*Bronson, Jones & Bronson,* for respondent.

*Walter B. Whitcomb, amicus curiae.*

FRENCH, J.—This is an appeal from a judgment of the superior court for Thurston county, reversing an order of the department of public works, which order granted to the appellants Tuttle and Corcoran a certificate of public convenience and necessity to operate a ferry between Lummi island and Orcas island, under and by virtue of the provisions of chapter 248, Laws of 1927, p. 382 (Rem. 1927 Sup., § 10361-1).

This application was made to the department in the fall of 1927. At the hearing before the department of public works at Bellingham early in 1928, there was an appearance by the Puget Sound. Navigation Company, which has a certificate under the provisions of the act authorizing ferry service between Bellingham and Sidney, B. C., touching at Orcas island. There was also an appearance by one Otto Lorenz, who held a certificate authorizing steamboat service between Bellingham and certain parts of Orcas island, and he was present and took part at the hearing before the department, but made no appearance in the superior court. The Bellingham chamber of commerce also appeared by counsel, and introduced considerable testimony at the hearing. The Puget Sound Navigation Company orally demurred to the application on the ground that it failed to show a juris-

dictional foundation for the granting of the prayer, in that the application, on its face, disclosed that the proposed certificate was between Orcas island and other territory, and that the records of the department affirmatively show that the respondent, Puget Sound Navigation Company, was already serving Orcas island. There was a full and complete hearing had. The department made certain findings, and on April 13, 1928, entered its order granting the application of appellants for a certificate of convenience and necessity. Respondent, Puget Sound Navigation Company, filed its petition for a writ of review, which writ was issued, and after argument, the court entered the following order:

"In this case the order of the department must be reversed because of the fact that it exceeds the jurisdiction of the department in that the territory over which the order grants a certificate to operate was and is served by a holder of a certificate issued prior thereto.

"An order may be taken in accordance herewith."

Orcas island is a rather large island, being one of the San Juan group. Lummi island, a smaller island, lies generally to the east of Orcas island. There is, at present, a ferry operating from Lummi island to the main land, and the proposed connecting ferry from Lummi island to Orcas island will make it possible for those desiring to get to Orcas island from the main land to travel by the Lummi island ferry as it now exists, and by the new ferry as proposed under the certificate issued. The service which Orcas island now receives from the respondent certificate holder, is a summer service of daily trips by the ferry "City of Bellingham," which leaves Bellingham daily for Sidney, B. C., calling at Orcas island, and on the return trip from Sidney, B. C., again calling at Orcas. This

ferry operates only during the summer season. Otto Lorenz runs a boat between Bellingham and the islands. This runs three times a week, and there is also a small gas boat running daily, except Sundays, between Bellingham and Orcas island. The ferry landing of appellants on Orcas island is more than twenty miles distant from the ferry landing of respondent on that island. The population of Lummi island is perhaps three or four hundred people. The population of Orcas island is probably twelve hundred people.

The department found:

(V) "The department does not believe it is necessary in this case to decide whether the proposed route is within the district or territory served by protestant. The protestant has offered to furnish any service found by the department to be necessary, only in case the business is 'sufficient to produce revenue at least equal to the expense of maintaining such service.' From the record, it is apparent that no such revenue can be expected, neither is there any reason to believe that the Puget Sound Navigation Company would receive the subsidies paid to applicant. It would be a vain act to offer to protestant the right to furnish a service it has in effect said it would not furnish."

The law under which this certificate is granted, in so far as it is applicable to the situation which we here have, reads as follows:

". . . but the department shall not have power to grant a certificate to operate between districts and/or into any territory already served by an existing certificate-holder, unless such existing certificate-holder shall fail and refuse to furnish reasonable and adequate service. . . ." Laws of 1927, p. 382 (Rem. 1927 Sup., § 10361-1).

It will be noticed that the department failed to decide as to whether or not respondent Puget Sound Navigation Company was already serving the district which appellant proposed to serve, but rather rested

its decision evidently upon the latter part of the above quoted portion of the statute, which shows that the existing certificate-holder had failed and neglected and refused to furnish reasonable and adequate service. But the protestants offered to furnish additional needed service in case the business was sufficient to produce revenue equal to the expense of maintaining such service. Certainly no certificate-holder can be required, as a condition precedent to holding his route free from competition, to establish and maintain a new service over a new route when it is admitted that this new service must be installed and maintained at a loss. From the testimony, it clearly appears that the proposed service by appellants has been heretofore, and will hereafter, for some time at least, be operated at a loss, and is only maintained because of the fact that the Bellingham chamber of commerce and other interested parties are providing a bonus therefor. True, it is sometimes good business to build up so-called feeder lines, and to develop new territory that ultimately the enterprise may be a financial success, but such matters must be left to the business judgment of those investing their money, and can not be demanded by the department as a condition precedent to forestalling competition.

We must then consider the intent and purpose of that part of the law reading

". . . the department shall not have power to grant a certificate between districts and/or into territory already served."

Here the department has failed to make any finding. The department has power to grant a certificate of necessity under certain conditions. Under certain other conditions, the department "shall not have power to grant a certificate." The question, what is territory already served, is a question of fact. Before

that fact can be determined, it requires consideration of economic conditions, ofttimes involving expert testimony; a consideration of the kinds, means and methods of travel; the question of population warranting additional facilities for transportation, or the possibilities of the additional means of transportation increasing the population so as to ultimately make the venture a success. The evidence shows, and the department found, that there are a number of canneries on Lummi island, and that heretofore the Lummi island canneries packed large quantities of fruit and vegetables, but discontinued the business because of the difficulties surrounding the obtaining of the fresh materials. A large portion of the fruit and vegetables that were packed in the canneries was obtained from Orcas island. It is purely an economic question as to whether this business can again be built up, restored, and increased by convenient transportation. All such questions must be determined in the first instance by the department.

"Appellants attack the sufficiency of the evidence, the joint rate, and its division between the connecting carriers. We find no merit in these contentions. Inquiries of this nature depend altogether upon expert evidence and, we might add, expert findings, and the state has conferred the power upon the commission to determine the merits of the controversy, and its findings should not be disturbed unless they show evidence of arbitrariness and disregard of the material rights of the parties to the controversy. Such decisions are peculiarly within the province of the commission to make, and 'its findings are fortified by presumptions of truth due to the judgments of a tribunal appointed by law and informed by experience.' *Interstate Commerce Commission v. Chicago, R. I. & P. R. Co.*, 218 U. S. 88. We repeat what we said in *Puget Sound Elec. R. v. Railroad Commission*, 65 Wash. 75, 117 Pac. 739, Ann. Cas. 1913B 763.

" 'The inquiry was of such nature as to call largely for expert testimony, and the findings made are necessarily of the same nature. In such case great consideration should be given the findings of that body to whom the state has primarily given the right and authority to determine questions of this character. Such findings should not be disturbed unless they bear evidence of having been arbitrarily reached and without a full and due consideration of all the controlling facts. Their determination calls for the exercise of economic as well as legal principles. Courts may well review the questions submitted, in so far as they suggest the application of legal principles. In so far as they suggest the enunciation of proper economic rules, they must defer largely to those who, by study, experience, and calling, are in a better situation to determine what is and what is not a proper method of determination.' " *Great Northern R. Co. v. Public Service Comm.,* 76 Wash. 625, 137 Pac. 132.

█ The jurisdiction of the courts in cases such as this is derived from the statute.

Section 10428, Rem. Comp. Stat., which has to do with appellate procedure and jurisdiction, provides in part as follows:

"Any complainant or any public service affected by any order of the commission, and deeming it to be contrary to law, may, . . . apply to the superior court . . . for a writ of review, for the purpose of having its reasonableness and lawfulness inquired into and determined. . . . Upon such hearing the superior court shall enter judgment either affirming or setting aside the order of the commission under review. In case said order is reversed by reason of the commission failing to receive testimony properly proffered, the court shall remand the cause to the commission with instructions to receive the testimony so proffered and rejected, and enter a new order based upon the evidence theretofore taken, and such as it is directed to receive. The court may, in its discretion, remand any cause which is reversed by it to the commission for further action."

It is very apparent from the departmental findings and the lower court's order that the court decided the case upon a point which the state department decided was unnecessary to pass upon, namely, whether or not the application for a certificate of necessity was for a district or territory already served. We do not believe that the court has such original jurisdiction. It seems to us that the lawful inquiry upon review in the superior court is only with reference to a question or questions, which have been actually passed upon by the state department. When that department decided that it was unnecessary to determine whether or not the particular district or territory was already being served, and the superior court found that such fact must be decided, it was for the court to remand the proceedings to the department with instructions to so decide, and not for the court to decide the question in the first instance. The law contemplates that the state department shall have exclusive original jurisdiction subject only to the review by the courts, and if we were to say that the superior courts could decide facts not decided by the state department, we would be granting to those courts original jurisdiction, and this, we feel, would be going clearly beyond both the letter and spirit of the law. If the lower court felt, as it evidently did feel, which seems to us to be a correct decision, that the question of whether or not the territory was already being served, was involved in this controversy, then it should have been remanded with instructions to the department to ascertain this fact and make its order accordingly. This, we think, is in harmony with our prior holdings, particularly with the case of *Cole v. Department of Labor and Industries,* 137 Wash. 538, 243 Pac. 7, where, speaking of the power of the court in such cases, we said:

"The reviewing jurisdiction of the superior courts, over the decisions of the department, so far as applicable to this case, is determinable from the following language of § 7697, Rem. Comp Stat.: . . .

"This language, it seems to us, clearly shows a legislative intent that the superior court shall not have any original jurisdiction in the administration of the law, or decide any question to be decided in the first instance by the department. It seems to us, the lawful inquiry, upon review in the superior court, is only with reference to a question or questions which have been actually decided by the department."

The department, also, cannot act without first determining this essential question, because

". . . the department shall not have power to grant a certificate to operate between districts and/or into territory already served by an existing certificate-holder."

■ It might be argued that the department must be considered to have so found because of the granting of the certificate, but it has expressly failed and refused in finding No. V, quoted, to so determine, and the department being an inferior tribunal, a creature of the statute only, nothing is presumed in favor of its exercise of power. Everything must appear in the record.

"There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction, such as an industrial board. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record. The record filed in return to the writ does not show what notice was given to plaintiff in error or what method of informing plaintiff in error of the proceeding was adopted or regarded proper by the industrial board, and the record fails to show jurisdiction over plaintiff in error or any authority of the board to hear and decide the question presented by the peti-

tion." *Tazewell Coal Co. v. Industrial Comm.*, 287 Ill. 465, 123 N. E. 28.

"The industrial commission, now the state industrial board, being an inferior tribunal, whose powers exist solely by statute, the facts conferring jurisdiction cannot be established by presumption; they must be conclusively shown. The claim can only be enforced by compliance with the statute. *Gates v. State*, 128 N. Y. 221, 227, 228, 28 N. E. 373; *Missano v. City of New York*, 160 N. Y. 123, 54 N. E. 744, dissenting opinion 160 N. Y. 133, 54 N. E. 745; *Diehl v. Becker*, 227 N. Y. 318, 125 N. E. 533; *Karr v. Village of Alfred*, 148 App. Div. 435, 132 N. Y. Supp. 1088; *Twonko v. Rome Brass & Copper Co.*, 224 N. Y. 263, 120 N. E. 638." *Cheesman v. Cheesman*, 203 App. Div. 533, 196 N. Y. Supp. 820.

True, the last mentioned case was later reversed, but on an entirely different question.

The essential facts necessary to permit the department to hear and determine this proceeding must appear on the face of the record, and one of the essential facts, namely, that the territory is not already served, fails to so appear. The lower court found this essential fact in favor of respondent, but the question, under our decisions, is not for the court in the first instance. *State ex rel. Great Northern R. Co. v. Public Service Commission; Cole v. Department of Labor and Industries, supra.*

We hold that the matter should have been remanded to the department with instructions to determine this essential fact, and that, before a certificate can be granted under this act, one of the essential facts to be determined is, is the territory already served by an existing certificate-holder; and that it must appear on the face of the record that there has been a determination of this fact from testimony presented to the department.

The case is remanded with instructions to the superior court to again refer the matter to the department to make findings on this essential fact.

Neither side will recover costs.

MILLARD, PARKER, MAIN, and HOLCOMB, JJ., concur.