[No. 22225. Department Two. February 24, 1930.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v.
JOHN C. DENNEY *et al., Respondents.*[1]

*L. B. daPonte, Thos. H. Maguire,* and *C. A. Murray,*
for appellant.

*The Attorney General* and *John C. Hurspool, Assistant,* for respondents.

FRENCH, J.—Appellant filed a petition in the superior court for Thurston county, asking for an alternative writ of mandate commanding the department of public works to receive, entertain and file a petition on behalf of the railway company for the classification of certain lands in Seattle as operating property. The petition shows that in January, 1929, the appellant railway company purchased certain lands in the Duwamish valley, south of Seattle, for use in relocating its track and the bridge crossing the Duwamish river, and, being about to commence the actual work, sought to procure an order from the department of public works classifying the lands as operating property. The department declined to consider the petition for the stated reason that it believed it was without jur-

[1]Reported in 285 Pac. 452.

isdiction to classify property. This action was then brought in the superior court for Thurston county, a demurrer was sustained for the reason, among others, that there is "no statutory authority which would warrant the department of public works to take the action prayed for in the complaint," and this appeal follows.

The only question involved in this case, as we see it, is, Has the department of public works any power or authority to classify the property of railroads as operating or non-operating property? it being remembered that in this proceeding nothing is asked or sought except the classification of property. Unless the statute creating the department or other statutes expressly confer the authority to classify railroad property, then there is no such power in the department, because the department of public works being purely a creature of statute, its powers and duties, its authority and jurisdiction come only from the statute. *Wishkah Boom Co. v. Greenwood Timber Co.,* 88 Wash. 568, 153 Pac. 367.

A careful examination of the public service commission act makes it clear that the department's duties relative to railroads relate only to questions of valuation and rates and service. That a valuation proceeding may be instituted, and that, as an incident thereto, property of a public service corporation may be classified, is well settled. We have many cases holding that classification of property made in such proceedings will be upheld. *Northern Pacific R. Co. v. King County,* 93 Wash. 89, 160 Pac. 8; *State ex rel. Pacific Power & Light Co. v. Department of Public Works,* 143 Wash. 67, 254 Pac. 839.

But this is not a valuation proceeding. The only relief sought here is the classification of property. No section of the statute has been pointed out to us au-

thorizing the department to entertain a proceeding to classify property only, and our search has revealed none. Whether the power is with the state tax commission, or whether no such power has been lodged thus far with any commission, it is not necessary for us to decide. The department of public works, being purely a creature of statute, has only such powers as are expressly conferred upon it, or such powers as are necessarily incident to the powers expressly conferred upon it by statute. *Wishkah Boom Co. v. Greenwood Timber Co., supra.*

See, also, *Puget Sound Navigation Co. v. Department of Public Works,* 152 Wash. 417, 278 Pac. 189, where the language used is in harmony with this view of the case at bar.

Judgment affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.