[No. 22992. Department One. September 1, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Puget Sound Navigation Company, Appellant,* v. DEPARTMENT OF PUBLIC WORKS OF WASHINGTON *et al., Respondents.*[1]

*Bogle, Bogle & Gates, Lawrence Bogle,* and *Edward G. Dobrin,* for appellant.

*The Attorney General* and *John C. Hurspool, Assistant,* for respondent Department of Public Works.

*Philip D. Macbride* and *George W. Williams,* for respondent Puget Sound Freight Lines, Inc.

MITCHELL, J.—This is an appeal from a judgment of the superior court for Thurston county affirming, in writ of review proceedings, an order of the department of public works, which order granted to the respondent Puget Sound Freight Lines, Inc., a certificate of public convenience and necessity to operate vessels

[1]Reported in 2 P. (2d) 686.

for passenger and ferry service between North Beach or Thompson Point on Orcas Island and Gooseberry Point in Whatcom county, which order also denied the application of the appellant Puget Sound Navigation Company, a corporation, for a certificate to render that service.

The appellant, prior to April 10, 1930, was and still is the holder of a certificate from the department authorizing passenger, freight and ferry service under which it has been operating over several routes to and from Bellingham via Orcas Island, and, it appears, was rendering such service prior to the enactment of Chapter 248, Laws of 1927, p. 382 (Rem. 1927 Sup., § 10361-1), relating to steamboat companies, providing for additional regulation, etc.

Respondent transportation company or its predecessor, since a few months after the effective date of Chapter 248, Laws of 1927, has been the holder of a certificate from the department authorizing passenger, freight and ferry service on several routes, one of which is to and from Bellingham via Orcas Island, concerning which, however, one of the serious contentions in the case on behalf of the appellant is that the respondent or its predecessor has never rendered any ferry service between Orcas Island and Bellingham.

Appellant and respondent transportation company, each, on April 10, 1930, filed with the department an application for authority to render the service mentioned, between North Beach or Thompson Point on Orcas Island and Gooseberry Point in Whatcom county. Both applications were heard and considered together by the department. Formal findings of fact were made upon which the order in question was entered. It appears, from both the evidence and the findings of fact, that the plan involved will shorten the distance between Orcas Island and Bellingham

and lessen that portion of it over the water by more than one-half and, at the same time, bring the respective communities or districts into closer contact to their mutual advantage.

On the appeal, two questions are presented: (1) That the department, in granting a certificate to the respondent transportation company, acted arbitrarily and capriciously; and (2) that the appellant has the prior right to a certificate, it being for a service between districts and into territory already served by it.

As to the first assignment, we are not at liberty to discuss it on its merits, for reasons hereinafter stated. The same may be said of the second assignment of error, with this qualification, that, in connection with this assignment, counsel for appellant contends that, if the appellant is not entitled upon the record as it now appears to an order authorizing it to perform the service, then a reversal must follow because of the lack of an essential finding of fact on the part of the department of public works. This latter contention, we think, must be sustained.

The department found that public convenience and necessity required ferry service between the points mentioned, that neither applicant has any prior right to the certificate, and that neither has heretofore furnished ferry service between the particular points in question. The findings then refer to the claim and contention of the appellant that the respondent transportation company, or its predecessor, was not on January 15, 1927, operating a ferry boat, and therefore should not have received a certificate for ferry service. Facts are then recited by the department, and the conclusion reached that the appellant was not in a position to raise that question. The findings then say:

"Moreover, if the ferry certificate of the Puget Sound Freight Lines, Inc., be disregarded, it does not follow that the Puget Sound Navigation Company has any prior right to furnish the proposed service. The only restriction on the power of the Department to grant certificates is contained in the following clause:
" ' . . . but the Department shall not have power to grant a certificate to operate between districts and/or into any territory already served by an existing certificate holder unless such existing certificate holder shall fail and refuse to furnish reasonable and adequate service.'

"The Puget Sound Navigation Company does not hold any certificate to operate between North Beach and Gooseberry Point, unless Orcas Island is held to be a single district and Bellingham and Gooseberry Point to be another single district. If such holding is required by our law, then the Puget Sound Freight Lines classifies equally well as an existing certificate holder and is as much entitled to put on the additional service as is the Puget Sound Navigation Company."

Under the evidence and the findings, there is no question that the appellant for many years has been rendering ferry service between Orcas Island and Bellingham, of which service it does not appear that any complaint has ever been made to the department.

The act of 1927, Rem. 1927 Sup., § 10361-1, provides, as recited in the findings above set out, that the department *shall not have power* to grant a certificate between districts and/or into any territory already served. In *Puget Sound Navigation Co. v. Department of Public Works,* 152 Wash. 417, 278 Pac. 189, in considering the intent and purpose of this part of the act, we held that "the question, what is territory already served, is a question of fact." It is a question of fact that must first be passed upon by the department, the courts not having original jurisdiction, but jurisdiction only to review the findings and orders of the department. The statute, in speaking of the

*power* of the department in cases such as this, says it "shall not have power to grant a certificate *between districts and/or into territory already served,"* and one of the essential facts to be determined by the department before it can grant a certificate under the act is, is the territory already served. This essential jurisdictional fact must appear in the record. *Puget Sound Navigation Co. v. Department of Public Works,* 152 Wash. 417, 278 Pac. 189.

Very clearly, there is no such finding in this case. It cannot be argued that the department must be considered to have so found because of the granting of the certificate. That kind of reasoning, under similar circumstances, was disfavored in *Puget Sound Navigation Co. v. Department of Public Works,* 152 Wash. 417, 278 Pac. 189, although in that case there was a finding that

"The department does not believe it is necessary in this case to decide whether the proposed route is within the district or territory served by protestant."

So in this case, with respect to the finding that

"The Puget Sound Navigation Company does not hold any certificate to operate between North Beach and Gooseberry Point, unless Orcas Island is held to be a single district and Bellingham and Gooseberry Point to be another single district. If such holding is required by our law, then the Puget Sound Freight Lines classifies equally well as an existing certificate holder and is as much entitled to put on the additional service as is the Puget Sound Navigation Company."

To say that North Beach and Gooseberry Point are not in districts or territory already served unless Orcas Island is held to be a single district and Bellingham and Gooseberry Point to be another single district, is not a finding of fact, nor does it decide anything. It, together with what immediately follows, is nothing

242

more than an opinion of the department indicating a lack of necessity for making the positive essential finding required by the statute. The failure to make such a finding is fatal to the validity of the order for the reason mentioned in *Puget Sound Navigation Co. v. Department of Public Works*, 152 Wash. 417, 278 Pac. 189:

"The department being an inferior tribunal, a creature of the statute only, nothing is presumed in favor of its exercise of power. Everything must appear in the record."

Upon the authority of that case, and others therein mentioned, the judgment from which the appeal has been taken in this case is reversed, and the case remanded to the superior court with directions to remand it to the department of public works to ascertain the essential fact, whether or not the certificate sought is for the operation of passenger or ferry service between districts and/or into territory already served by an existing certificate-holder, and to make its order accordingly, under the law, from which, as provided by statute, review proceedings may be had by anyone aggrieved.

Reversed and remanded.

TOLMAN, C. J., MILLARD, HOLCOMB, and MAIN, JJ., concur.