[No. 28340. Department Two. September 5, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Northeast Transportation Company, Appellant,* v. DON G. ABEL, *as Director of the Department of Public Service, et al., Respondents.*[1]

[1]Reported in 116 P. (2d) 522.

*Rummens & Griffin* and *Frank E. Hammond,* for appellant.

*The Attorney General* and *Don Cary Smith, Assistant (Joseph Starin,* of counsel), for respondents Abel *et al.*

*Robert W. Beach,* for respondents Maple Leaf Improvement Club *et al.*

SIMPSON, J.—This case involves the right of the department of public service to revoke and cancel a certificate of public convenience and necessity issued to and held by the Northeast Transportation Company.

April 8, 1940, the Maple Leaf Improvement Club and others filed a complaint with the department of public service, alleging, *inter alia*, that the Northeast Transportation Company:

" . . . has without due notice increased fares without apparent reason for such increase; that the equipment operated by the Northeast Transportation Co. does not conform to reasonable standards of safety; and that, because of poor mechanical condition of the busses the schedules maintained by the company are highly irregular. . . . "

A hearing was had before an examiner of the department. Much evidence was received relative to the manner in which the company conducted its business and the condition of its equipment. Thereafter, May 21, 1940, an order was entered dismissing the complaint regarding "increased fares" and "irregular schedules" and providing:

"That the Northeast Transportation Company be, and it is hereby, ordered to place the two gray 29-passenger Ford buses, license numbers 576 and 577, respectively, operated by it in proper operating condition as to ventilation, seats, and fixtures, in accordance with the above findings, or cease use of the same, substituting such other satisfactory equipment as may be necessary, within thirty (30) days of date hereof.

"2. The said company is hereby ordered and required to lower the floor of the 'yellow' International bus, license number 809, operated in its service so that it will have a lowered floor within thirty (30) days from date hereof, in accordance with our findings.

"3. The said company is hereby required to submit all its equipment to inspection by the Department as to fitness for operation thirty (30) days from date hereof at a time and in a manner convenient to both the company and Department.

"4. The said company is hereby ordered to refuse to carry more standing passengers in said 'yellow' International and Indiana buses than can be accommodated on the level floor of said buses, and to care for any excess passengers by use of other equipment.

"5. The said company is hereby ordered and required to install seat hand holds or ceiling straps for the benefit of standing patrons in all buses where patrons are allowed to stand and where neither of said appliances are now installed.

"6. The said company is hereby ordered to comply immediately with Rules 38 and 39 of the Department's rules regulating bus companies, requiring proper identification of its equipment and drivers."

July 6, 1940, the department issued an order commanding the company to appear and show cause why its certificate of public convenience and necessity should not be suspended or canceled for failure to comply with the order of May 21, 1940. After a hearing before the department, an order was entered July 30, 1940, canceling the transportation company's certificate. Thereafter the company secured a writ of review from the superior court of Thurston county. The trial court affirmed the order of the department, and the transportation company appealed to this court.

The assignments of error are in holding that the show cause order conferred jurisdiction upon the department to revoke the certificate of public convenience and necessity, and in entering judgment affirming the department's order.

We deem it unnecessary to review the evidence adduced at the first hearing before the examiner. It is sufficient to say that we have read the record, which is full of hearsay, speculation, and conjecture, but do not feel justified in holding that the department acted unreasonably or unlawfully in ordering the appellant to make changes and repairs to its equipment.

Appellant first contends that the original com-

plaint of the department filed April 8, 1940, was insufficient to invoke jurisdiction because it did not contain an allegation regarding the revocation of the certificate. It argues that Rem. Rev. Stat., § 10422 [P. C. § 5607], requires that all grievances to be inquired into must be set forth in the complaint; that the department is without jurisdiction to determine matters not included therein; that the original complaint herein contained no allegation relating to the revocation of the certificate; and, therefore, the department was without jurisdiction to enter its order of revocation.

Upon compliance with certain requirements, the department is empowered to revoke a certificate of convenience and necessity. Rem. Rev. Stat., Vol. 7A (Sup.), § 6389 [P. C. § 234-5] (Laws of 1921, p. 340, § 3). At the time the original complaint was filed, revocation was not at issue. Thus there was no necessity for placing such an allegation in the complaint. Thereafter upon the alleged failure of appellant to execute the order of May 21, 1940, it was served with an "Order to Show Cause and Notice of Hearing." This not only included a recital of past circumstances of the case, but stated that appellant was directed to appear and show cause why its certificate should not be canceled for failure to comply with the department's order.

The fundamental point is not the name given to the pleading, but whether appellant was apprised of the charge against it. We hold that the show cause order was sufficiently comprehensive to acquaint appellant with the nature of the proceedings, and therefore, its contention is groundless.

We now turn to the main question in the case: Was the department justified in revoking appellant's certificate of public convenience and necessity because

it failed to comply with its order of May 21, 1940?

The statute which gives the department the power to revoke a license provides:

"The commission may, at any time, by its order duly entered after a hearing had upon notice to the holder of any certificate hereunder, and an opportunity to such holder to be heard, *at which it shall be proven that such holder willfully* violates or refuses to observe any of its proper orders, rules or regulations, suspend, revoke, alter or amend any certificate issued under the provisions of this section, . . . " (Italics ours.) Rem. Rev. Stat. (Sup.), Vol. 7A, § 6389.

■ A careful reading of the statute reveals that, before a certificate may be revoked, four requirements must be complied with: (1) A hearing must have been had upon notice to the holder; (2) the holder must have possessed an opportunity to be heard; (3) there must have been a *willful* violation or refusal to observe a departmental order; and (4) the findings of the department must clearly indicate a willful violation of an order authorized by statute.

Since requirements (1) and (2) have been met, the question resolves itself into two parts: (a) Was there a specific departmental finding as to a willful violation or refusal to observe the order, and (b) was there substantial evidence to prove a willful violation?

■ In considering these, we are mindful of the rule that the department possesses exclusive and original jurisdiction, and thus the courts may review and determine only those questions actually passed upon by the department. *Puget Sound Navigation Co. v. Department of Public Works*, 152 Wash. 417, 278 Pac. 189; *State ex rel. Puget Sound Navigation Co. v. Department of Public Works*, 164 Wash. 237, 2 P. (2d) 686.

■ ■ An examination of the department's order which revoked appellant's certificate discloses that the department failed to make a finding as to whether the

noncompliance was willful. By statute, willfulness is one of the essential facts to be determined by the department before it possesses the power to revoke a certificate. Because a violation was found in the department's findings, it does not follow that it included a willful violation. We repeat, this essential jurisdictional fact to the revocation of a certificate (a valuable and vested right) must appear as a special finding.

Since the department of public service is a creature of statute, exercising a limited jurisdiction, nothing is presumed in favor of its jurisdiction. Similarly, there is no presumption in favor of its exercise of power. Its jurisdiction to enter orders must appear in the record. *Puget Sound Navigation Co. v. Department of Public Works, supra; Northern Pac. R. Co. v. Denney,* 155 Wash. 544, 285 Pac. 452; *State ex rel. Puget Sound Navigation Co. v. Department of Public Works, supra; State ex rel. Northeast Transportation Co. v. Schaaf,* 198 Wash. 52, 86 P. (2d) 1112.

While not similar on their facts to the case at bar, two of our decisions enunciate the same legal principles that are applicable here.

In *Puget Sound Navigation Co. v. Department of Public Works, supra,* the department granted appellants a certificate to operate a ferry between certain places. By statute, a finding as to whether the territory is being served is jurisdictional to the granting of a certificate. The department failed to decide whether the navigation company was already servicing the district which appellant proposed to serve. On a writ of review to the superior court, the department was reversed because the territory was being served by the navigation company.

On appeal, this court stated:

"If the lower court felt, as it evidently did feel, which seems to us to be a correct decision, that the question of whether or not the territory was already being

served, was involved in this controversy, then it should have been remanded with instructions to the department to ascertain this fact and make its order accordingly. . . .

"It might be argued that the department must be considered to have so found because of the granting of the certificate, but it has expressly failed and refused in finding No. V, quoted, to so determine, and the department being an inferior tribunal, a creature of the statute only, nothing is presumed in favor of its exercise of power. Everything must appear in the record. . . .

"The essential facts necessary to permit the department to hear and determine this proceeding must appear on the face of the record, and one of the essential facts, namely, that the territory is not already served, fails to so appear. The lower court found this essential fact in favor of respondent [Navigation Company], but the question, under our decisions, is not for the court in the first instance."

Under a somewhat similar set of facts, we said in *State ex rel. Puget Sound Navigation Co. v. Department of Public Works, supra,* that:

" . . . and one of the essential facts to be determined by the department before it can grant a certificate under the act is, is the territory already served. This essential jurisdictional fact must appear in the record. *Puget Sound Navigation Co. v. Department of Public Works,* 152 Wash. 417, 278 Pac. 189.

"Very clearly, there is no such finding in this case. It cannot be argued that the department must be considered to have so found because of the granting of the certificate. That kind of reasoning, under similar circumstances, was disfavored in *Puget Sound Navigation Co. v. Department of Public Works,* 152 Wash. 417, 278 Pac. 189, . . . The failure to make such a finding is fatal to the validity of the order."

We then remanded the case to the superior court with directions to remand it to the department to ascertain the essential jurisdictional fact.

As shown by these two authorities, before the de-

partment can issue a certificate, the record must disclose by way of findings that it has complied with certain jurisdictional requisites. Similarly, before the department can revoke a certificate, the record must also disclose by way of findings that it has complied with the requisites for revocation.

Thus the failure of the department to make a finding as to whether its order of May 21, 1940, was *willfully* violated is fatal to its validity.

The record as indicated makes it unnecessary to discuss the question relative to the sufficiency of the evidence to prove a willful violation of the department's order.

The judgment is reversed.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.

[1]Reported in 116 P. (2d) 562.